# WRIGHT *v.* LOUISVILLE & NASHVILLE RAILROAD COMPANY.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 20.   Argued October 25, 1904.—Decided November 14, 1904.

The constitution and laws of Georgia do not exempt from taxation shares of stock of a railroad corporation of another State held by a Georgia railroad corporation.

THE facts are stated in the opinion.

*Mr. Boykin Wright* and *Mr. John C. Hart,* Attorney General of the State of Georgia, for petitioner.

*Mr. Alexander C. King* and *Mr. Joseph B. Cumming* for respondent.

MR. JUSTICE HOLMES delivered the opinion of the court.

This case comes here on certiorari to the Circuit Court of Appeals, that court having affirmed, *per curiam,* a decree of the Circuit Court enjoining the Comptroller General of Georgia from collecting a tax for the year 1900. 116 Fed. Rep. 669; 117 Fed. Rep. 1007. In view of the conclusion to which we have been driven, it is enough to say that the question presented is whether shares of stock in the Western Railway of Alabama, an Alabama corporation, held by the Georgia Railroad and Banking Company, a Georgia corporation, are taxable as property of the latter, by the State of Georgia, under its constitution and statutes. The respondents, the plaintiffs below, are lessees of the Georgia corporation and are bound to reimburse the latter for the tax, if it has to be paid. Taking into account the decision in *Kidd* v. *Alabama,* 188 U. S. 730,

the power of the State to tax the shares is not denied, so far as the Constitution of the United States is concerned, but it is argued that the State has not attempted to use that power by its present constitution and laws.

The constitution of Georgia provides that "all taxation shall be uniform upon the same class of subjects, and *ad valorem* on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." Code of 1895, § 5883. The words "within the territorial limits" plainly qualify "subject to be taxed." The constitution further makes void all laws exempting property from taxation, other than the property therein enumerated, which does not include this stock. § 5886. Following these requirements the General Tax Act for 1899 and 1900, Laws of 1898, No. 150, §§ 1, 2, p. 22, authorizes a tax on all of the taxable property of the State.

The natural inference from the foregoing language is that the Comptroller General was bound to collect this tax. It is true that it was said, in a case decided before the date of the present constitution, that stock in railroads outside the State was not taxable in Georgia, the reason offered being that such stock is really but so many shares of the railroad's property, and that that property is real estate, for the most part at least, and taxable by the State in which the road lies. *Wright* v. *Southwestern Railroad*, 64 Georgia, 783, 799. This reason is shown by later decisions to be an insufficient ground for a claim of constitutional right, and the language of the case probably does not represent adequately the present opinion of the Supreme Court, although the passages are cited in the later of the two following cases. *Georgia State Building and Loan Association* v. *Savannah*, 109 Georgia, 63, 69; *Peoples' National Bank* v. *Cleveland*, 117 Georgia, 908, 913, 915.

If we look to the construction adopted by the Legislature there is no doubt as to that. The Code, after defining personalty as property movable in its nature, continues "stocks representing shares in an incorporated company holding lands,

or a franchise in or over lands, are personalty." § 3070. The act of 1884–1885, touching returns of property for taxation, No. 457, § 2, p. 30, enacted in terms "that personal property shall be construed, for purposes of taxation, to include . . . all stocks and securities, whether in corporations within this State or in other States, owned by citizens of this State, unless exempt," etc. It is argued on one side and denied on the other that this section was repealed by the Code, but whether it was or not, it equally may be invoked for the purpose of interpretation at least. We do not understand and cannot believe that the Supreme Court of the State would deny the power of the Legislature under the present Constitution to tax stock.

The argument against the tax is that the constitution of Georgia is satisfied if all the lands and goods in the State are taxed once, and that the appearance of the same capital in two forms technically distinct ought not to be laid hold of as an excuse for two taxes. It is admitted that no such double taxation is enforced with regard to corporations, of which the property is taxed, within the State, and it hardly would be contended that this wise moderation is unconstitutional. It even has been thought that a similar constitution forbade taxation of both capital and stock. *Burke* v. *Badlam,* 57 California, 594, 601. But, from the point of view of the taxpayer, it does not matter whether all of his double taxation is done in one State or half in one and half in another. He suffers the same injustice. And as manifestly the clearest right to tax belongs to the State where the railroad has its tracks, every principle of justice and patriotism would require the same abstinence from taxing stocks of the railroads of neighboring States that is practiced with regard to those of the taxing State—in this case Georgia—itself.

The difficulty with this argument is that the Georgia constitution requires the taxation of all property subject to be taxed in Georgia. And while it may be that the constitutional requirement is sufficiently complied with when the land and

chattels which give value to the stock pay a tax, without another tax on the stock, there is much more difficulty in saying that the words are satisfied if stock is left untaxed when the land and chattels cannot be reached.    Probably the constitution does not go further than to require one tax on all attainable sources of value, even if it permits more.    *Burke* v. *Badlam,* 57 California, 594, 601.    But it certainly seems intended to tax once at least all property which can be come at in any way.    *San Francisco* v. *Fry,* 63 California, 470.    A tax in another State is no tax for the purposes of the State of Georgia. *Kidd* v. *Alabama,* 188 U. S. 730, 732; *Dwight* v. *Boston,* 12 Allen, 316; *Seward* v. *Rising Sun,* 79 Indiana, 351; *Dyer* v. *Osborne,* 11 R. I. 321; *McKeen* v. *Northampton,* 49 Pa. St. 519.

Putting the case at the lowest, the above cited section of the constitution was adopted in the interest of the State as a tax-collector, and authorizes, if it does not require, a tax on the stock.    In pursuance of the constitution, the law of 1898, under which this tax is demanded, contains the following: "In addition to the questions now propounded to tax-payers by the tax-receivers, questions shall be framed by the Comptroller-General to reach all property upon which a tax is imposed by this Act, and especially the following questions: . . .    Thirtieth—How many shares of stock did you own on the day fixed for the return of property for taxation issued by corporations located without this State?    Thirty-first— What was the gross nominal value thereof?    Thirty-second— What was the fair market value thereof?"    Laws of 1898, No. 150, § 16, p. 36.    This plainly contemplates that the mandate of the constitution shall be carried out, and in view of §§ 1, 2, of the same act, referred to above, and of the facts that legislation could not make the requirement to tax more explicit, and that the constitution seems to be regarded by the Supreme Court of the State as self-executing, *Georgia State Building & Loan Association* v. *Savannah,* 109 Georgia, 63, we think it impossible to escape from the words.    The distinction in-

tended between stock in corporations of which the property is taxed by the State and that in corporations otherwise untaxed is emphasized by the thirty-third question: "How many shares of stocks did you own, . . . issued by corporations within this State, the capital stock of which or the property of which is not returned by such corporation for taxation?" We think the distinction consistent with the Constitution, if not required by it as held in *Burke* v. *Badlam,* cited above.

*Decree reversed.*