HEMPSTEAD COUNTY *v.* BANK OF HOPE.

Opinion delivered January 28, 1905.

BANK—ASSESSMENT.—Where the statement of a bank, attested by the oath of the president and cashier, showed that the assessable value of the bank was $25,627, and there was no evidence to prove a greater

value, the county cannot complain that the circuit court fixed the value at $28,500.

Appeal from Hempstead Circuit Court.

JOEL D. CONWAY, Judge.

Affirmed.

### STATEMENT BY THE COURT.

This is an appeal from the judgment of the circuit court finding that the assessable property of the Bank of Hope for the year 1901 was of the value of $28,500.    The equalization board and the county court had fixed the value of the bank's property for taxation at $50,000.    The bank appealed to the circuit court, where the amount was fixed as mentioned, and the county appeals here, contending that the amount fixed by the county court was correct.

S. R. Oglesby, testified: "I am cashier of the Bank of Hope, capital stock of which is $25,000.    Taking the bank's resources and credits, and deducting its liabilities, it had on the first Monday in July the capital stock, $25,000.    That is what the bank was assessed, the property on hand.

"I made this statement for the bank to the county clerk on June 30, 1901:

"Statement of Bank of Hope, under section 6446, of Sandels & Hill's Digest, showing following on the first Monday in June, 1901:

Capital stock paid in and divided into shares
    of $25 .....................................$25,000.00
Undivided profits............................... 627.00
Value of moneys and credits, etc., converted into
    United States bonds, etc...................... 000.00
Amount loaned or deposited with such bank for a
    certain time................................. 000.00

"This was signed and sworn to by J. T. West, president, and S. R. Oglesby, cashier, on the 29th of October, 1901.

"The statement made on the 30th of June, by the Bank of Hope, at the close of business, June 30, 1901, is in words and figures as follows, towit:

" 'Statement of Bank of Hope, at close of business on the 30th of June, 1901:

| | | |
|---|---:|---:|
| Capital stock paid in................ | $ 25,000.00 | $ |
| Cash value personal property......... | | 7.50 |
| Cash value of credits................ | | 135,885.04 |
| Amount of debts.................... | 110,877.54 | |
| Totals ...................... | $135,877.54 | $135,877.54 |

"In this statement the capital stock of our bank is $25,000. The only difference between our debits and assets is for personal property. Take this amount, and add it to $135,000, and our capital stock is $25,000. This statement was made the 1st of July, 1901. I put the capital stock on the debit side, because it takes that amount and the credit to make that. That included everything that should. have been assessed. The surplus is in the grand total: In that amount we had $3,500 surplus at the time. We did not have $25,000 thirty days afterwards. That means a certain per cent. the bank took out of the capital stock and put aside to meet any emergency. The difference between our debits and credits is $24,997."

Section 6920, Kirby's Digest, provides: "Every bank shall annually, on the first Monday in July, in each year, make out and deliver to the assessor a correct statement, attested by the oath of the president and cashier of such bank, and if there be no president or cashier, then by the oath of the principal manager and principal accountant of such bank, setting forth:

"First. The amount of capital, whether divided into shares or not, actually paid in, or secured to be paid by note or otherwise, or in any manner procured or furnished, to be employed in its banking business.

"Second. The amount of undivided profits arising from such business belonging to the bank, whether in its possession or subject to its control, or loaned or otherwise invested for its benefit.

"Third. The value of moneys, credits or other personal property converted into bonds or other securities of the United States, or of this State, not taxed in the year immediately preceding the first Monday in June of the year in which the assessment is made, and which said bonds or securities on said first Monday in June were in possession or control of such bank.

"Fourth. The amount loaned to or deposited with such bank for a term certain, or which, by agreement or understanding between the parties, is not to be withdrawn on demand, excepting the amount which may have been deposited with any bank established as a clearing house for the redemption of the notes of banks making such deposits, and on which no interest is charged or received by the bank making such deposit."

Section 6924 provides: "The assessor shall return to the clerk of the county court the statement described in section 6446, made by any bank in his county, and the amount so returned shall be placed upon the tax books of the county and taxed as other property in such city, town, ward or school district, as the same may be situated."

*George W. Murphy, Attorney General,* for appellant.

It was the duty of appellee to furnish the tax assessor with an accurate list, showing its capital stock and undivided profits. Sand. & H. Dig. § § 6446, 6448, 6449.

*James H. McCollum,* for appellee.

No one species of property from which a tax may be collected shall be taxed higher than another species of property of equal value. 62 Ark. 461. The appeal should be dismissed because not properly taken. 51 Ark. 159; 52 Ark. 99; 71 Ark. 84.

WOOD, J., (after stating the facts.) The statement filed with the county clerk under section 6020 of Kirby's Digest showed that the bank had on the first Monday in June, the time required to estimate the assessable value, property valued at $25,627. This was the amount for which the bank should have been assessed. But the testimony of the cashier in explaining a statement made by the Bank of Hope as to the condition of its business on the 1st day of July, 1901, showed that the bank had on hand at that time a surplus of $3,500. The circuit court seems to have taken this and the capital stock as the correct amount for assessment. This was an error against the bank. But the bank is not appealing. There was no testimony in the case except that of

the cashier, and this certainly shows that the trial court committed no error of which the county could complain. The judgment is therefore affirmed.