HARRIS LUMBER COMPANY *v.* GRANDSTAFF.

Opinion delivered March 17, 1906.

1. CORPORATION—DOUBLE TAXATION.—Under Kirby's Digest, § 6936, providing that the corporations therein mentioned should make a sworn statement to the assessor, showing the amount and value of their capital stock, and the value of all their tangible property, their capital stock is subject to taxation, but the personal property acquired with such capital stock is exempt. (Page 191.)

2. SAME—PLACE OF ASSESSMENT.—To comply with Kirby's Digest, § 6396, by listing the capital stock of corporations, and to avoid complications arising from the purchase of personal property with their capital stock, all of the personal property of a domestic corporation should be assessed in the county of its domicil. (Page 192.)

Appeal from Scott Chancery Court; *J. Virgil Bourland,* Chancellor; reversed.

*Brizzolara & Fitzhugh,* for appellant.

Appellant, being a domestic corporation, is required to assess

its personal property for taxation only in the county of its domicil. Kirby's Digest, § § 6903-4-10-16-18-36 and 6937; Cooley on Taxation (3 Ed.), 398 and cases cited; 10 Mass. 504; 37 Mo. 266; 156 Pa. St. 488; 2 Ark. 291; 5 Ark. 204; 46 Ark. 312; 84 S. W. 715; 1 Cooley, Tax. 394; *Ib.* 673; 1 Desty on Tax. 341; 21 Ohio St. 555.

*H. N. Smith,* for appellee.

BATTLE, J. This is a suit brought by the Harris Lumber Company, a corporation organized under the laws of the State of Arkansas, domiciled in Polk County in the State of Arkansas, against the collector of Scott County, to restrain him from collecting taxes upon the personal property of the appellant situated in Scott County.

The complaint is as follows:

"Comes Harris Lumber Company, and complains of the defendant, George M. Grandstaff, as collector of Scott County, and for its cause of action says: That it is a corporation duly created and existing under and by authority of the laws of the State of Arkansas, and domiciled in the county of Polk, in the State of Arkansas, having its principal place of business in the said county of Polk; that the county of Polk is designated in its articles of incorporation as its place of business; that its articles of incorporation are duly filed in the office of the county clerk of Polk County, and that it is carrying on its business of buying, selling and manufacturing lumber in. said county of Polk. That it owns real and personal property in Scott County, Arkansas, and has paid its taxes upon all real property owned by it in Scott County, Arkansas. That it has personal property, consisting of merchandise, sawmill and various and divers other articles of personal property, situated in Scott County, which constitute a part of its corporate assets, and the same are managed and controlled by the corporation from its office in Polk County, Arkansas. That, being duly advised in the premises, the said corporation made its return for the purpose of taxation in Polk County, Arkansas, and made out and delivered to the assessor of Polk County, Arkansas, a statement as required by section 6462 of Sandel & Hill's Digest, and included in that statement all of its property in Polk County, Arkansas, and also all of its property in Scott County, Arkansas,

as well as all other personal property belonging to the corporation wheresoever situate. That the assessor of Scott County called upon the plaintiff for a statement of its property subject to taxation in Scott County, and the plaintiff gave the assessor a list of its real property, and notified the assessor that it was a Polk County corporation, and was advised to pay its taxes on its personal property situated in Scott County. That the plaintiff had no further information in regard to the taxation of its personal property in Scott County until it went to pay its taxes in the year 1903 for the year 1902, when it found that the assessor of Scott County had assessed the following articles of personal property against the plaintiff, towit:

"Value of goods and merchandise............$ 3,000
"Value of material and manufactured articles.. 12,000
"Total value of all other property required
        to be listed........................ 8,000
                                            _____
"Total value of personal property...........$23,000

"That the same was described as situated in School District No. 26, and there was charged against the plaintiff an assessor's penalty of 50 cents and school fund penalty of 50 cents, and a total tax, including said penalties, against the plaintiff of $316. That the county clerk of Scott County has extended said tax against the plaintiff, and delivered the same to the defendant, as collector of Scott County, with a warrant authorizing a levy by the collector on any property of the plaintiff, in default of the payment of said $316. That the board of equalization took no action upon said action of the assessor, and the plaintiff did not know of said assessment until after the board had adjourned, and the plaintiff then, and before the collector closed his books, filed a petition in the Scott County Court setting forth that it was not subject to said taxation, and praying that the same be adjusted and the taxation corrected by causing the same to be stricken from the taxes extended against the plaintiff. That the county court of Scott County refused the prayer of the petition, and the plaintiff has taken an appeal therefrom to the Scott Circuit Court. That the next term of the Scott County Court is the first Monday in August, 1903. That it will be the duty of the collector before the convening of said Scott Circuit Court, and before said appeal

can be heard, to levy upon the property of the plaintiff in Scott County to satisfy said tax extended against it. That the plaintiff's remedy by law is wholly inadequate and insufficient to afford the plaintiff relief from said illegal assessment and attempted taxation of its property in Scott County; that, unless restrained, the collector will proceed to collect by distraint said amount of taxes together with a penalty of twenty-five per cent. thereupon. That there is no other adequate remedy for plaintiff than by the interposition of a court of chancery restraining and preventing the defendant from levying or attempting to levy upon the property of the plaintiff and adding a penalty against it for nonpayment of said illegal taxes; that the illegality of said assessment does not appear upon its face, and can not be corrected by certiorari.

"Wherefore, petitioner prays that the defendant be restrained from collecting or attempting to collect said taxes assessed against the aforesaid personal property of the plaintiff, and until the hearing herein, or until the hearing of the appeal in the Scott Circuit Court, that a temporary injunction issue restraining the defendant from proceeding in the collection of said taxes, and for all other equitable and proper relief which the plaintiff may be entitled to receive."

The answer admits that appellant is a corporation organized under the laws of Arkansas, and that it has paid taxes upon its real property situated in Scott County, but denies that it is domiciled in Polk County. The answer alleges that appellant is a manufacturing establishment, and as such is doing business in Scott County, and is engaged in buying, selling and manufacturing lumber, and that it is the owner of sawmills and planers, which are used in the manufacture of lumber in Scott County, and that said tangible property is subject to taxation in said county.

By agreement the appeal case from the county court was consolidated with this suit, and both tried together.

Upon the hearing the court rendered the following judgment:

"Comes plaintiff by Hill & Brizzolara, and comes the defendant by H. N. Smith, his attorney, and by agreement the answer in the case at law is treated as the answer herein. The court heard the testimony and agreement of counsel, and doth find:

"1. The personal property of the plaintiff is subject to taxation in Scott County.

"2. The property of plaintiff is assessed for 25 per cent. more than it should be.

"3. It is therefore ordered, considered, adjudged and decreed that the temporary order be and is hereby dissolved to the extent of preventing the collection of taxes upon $15,000 of personal property without any penalty thereupon by non-payment prior to the 10th of April. To the extent of collecting taxes upon more than $15,000, and extending the penalties against plaintiff, the injunction is made perpetual. The costs are adjudged against the plaintiff, and defendant may have and recover of plaintiff all the costs and its taxes upon said $15,000 of personal property."

The evidence adduced at the hearing of this cause sustained the allegations of the complaint.

The only question in the case is:

"Was the plaintiff required to assess and pay taxes on its personal property situated in Scott County to the collector of said county, or was it required to pay taxes on all its personal property, wherever situated, to the collector of Polk County, the domicil of said corporation?"

A statute governing corporations of the class to which plaintiff belongs is as follows:

"Gas, telephone, bridge, street railroad, savings banks, mutual loan, building, transportation, construction, and *all other* companies, *corporations* or associations, *incorporated under the* laws of this State, or under the laws of any other State, and doing business in this State, other than insurance companies and the companies and corporations whose taxation is in this act specifically provided for, in addition to the other property required by this act to be listed, shall, through their president, secretary, principal accounting officer or agent, annually, during the month of July, make out and deliver to the assessor of the county where said company or corporation is located or doing business a sworn statement of the capital stock, setting forth particularly:

"First. The name and location of the company or association.

"Second. The amount of capital stock authorized, and the

number of shares into which such capital stock is divided.

"Third. The amount of capital stock paid up, its market value, and, if no market value, then the actual value of the shares of stock.

"Fourth. The total amount of all the indebtedness, except indebtedness for current expenses, excluding from such indebtedness the amount paid for the purchase or improvement of the property.

"Fifth. True valuation of all tangible property belonging to such company or corporation. Such schedule shall be made in conformity to such instructions and forms as may be prescribed by the Auditor of State." Kirby's Digest, § 6936.

The object of this statute is to secure a list of the personal property of the corporation for assessment. Other statutes make it the duty of the assessor receiving it to return it to the county clerk for taxation. The statute first mentioned obviously intends that a domestic corporation shall list its personal property in only one county. It makes the capital stock a subject of taxation, and makes it the duty of the corporation to give the assessor a statement showing the amount and value of it. Ordinarily, the capital stock is the only means a corporation has of acquiring property. Both the property thereby acquired and the capital stock used in purchasing it, under the Constitution of this State, are not subject to taxation. *Hempstead County Bank* v. *Hempstead County,* 74 Ark. 37. This would be double taxation. To comply with the statute by listing its capital stock, and to avoid complications arising from the purchase of personal property with capital stock, all of the personal property of the corporation should be assessed in the same county. Under the statute the domicil of the corporation is the *situs* of the capital stock, and, all of its other personal property being required by the statute to be given in at the same time and by the same statement, it follows that all of the personal property should be assessed for taxation in the same county.

Polk County being the principal place of business, the plaintiff is, in respect to its personalty, the proper place of taxation. The assessment and taxation of its personal property in Scott County are illegal. 1 Cooley on Taxation (3 Ed.), p. 673; 1 Desty on Taxation, p. 341.

The decree of the trial court is reversed, and the cause is remanded, with instructions to the court to enter a decree herein in accordance with this opinion.