ARKADELPHIA MILLING COMPANY *v.* BOARD OF EQUALIZATION OF CLARK COUNTY.

Opinion delivered December 4, 1916.

1. TAXATION—CORPORATIONS—TANGIBLE PERSONAL PROPERTY—WHERE ASSESSED.—All the tangible personal property of a corporation within a given county is to be assessed in the county at the place of the corporation's domicile.

2. TAXATION—CORPORATIONS—SITUS OF PERSONAL PROPERTY.—A domestic corporation was domiciled within a certain city, and owned personal property both within and without the city limits. *Held,* all its tangible personal property within the county must be assessed for taxation at the place of the corporation's domicile.

Appeal from Clark Circuit Court; *George R. Haynie,* Judge; affirmed.

*McMillan & McMillan,* for appellant.

1.    Kirby's Digest, § 6904, fixes the place of taxation in the township and district where situated and not at the domicile of the corporation.    54 Ark. 513; Black. on Int. Laws, pp. 220-1-2; 113 U. S. 571; 51 Am. St. 44-49; 64 Pac. 787.

2.    The *situs* of personal property, for the purposes of taxation, does not follow the domicile of its owner.    80 Ark. 140; 166 U. S. 185-226; 56 Am. Dec. 522; 11 Wall. 423; 7 *Id.* 139, 150.

3.    Taxation and protection or benefits should be reciprocal.    Cooley on Tax., § 1515; 72 Am. St. 772; 19 Ill. 160.

*John H. Crawford* and *Dwight H. Crawford*, for appellee.

1.    The property was transferred for the purpose of taxation to the domicile of the owner, and subject to taxation there.    54 Ark. 513; Kirby's Digest, § 6872; 62 Ark. 461-8; 30 *Id.* 439; 80 *Id.* 138; 141 U. S. 18; 166 *Id.* 185; 3 Ind. 481; 56 Am. Dec. 522; Cooley Tax (2 Ed.), 374; 137 Iowa 24; 15 L. R. A. (N. S.) 142; 11 R. I. 321; 23 Am. Rep. 460; 37 Cyc. 805-8, 821; Cooley Tax (2 Ed.), 22; Minor Conflict of Laws, § 123. Kirby's Digest, § 6936, governs this case.    *Ib.*, § 6910; 22 Nev. 333; 40 Pac. 96; 11 Fed. Cas. No. 5, 931, p. 222.

2.    The tangible property should be taxed at the domicile of the corporation.    37 Cyc. 952; Cooley Tax (2 Ed.) 373; 78 Ark. 187; 116 Ky. 562; 76 S. W. 381; 14 Ill. 163; 65 Am. Dec. 497.

3.    Domestic corporations are assessed under § 6936 and not under § 6904.    78 Ark. 187.    The *situs* of all corporation's personal property is at the domicile.    Cases *supra*.

McCULLOCH, C. J.    Appellant is a domestic corporation domiciled in the city of Arkadelphia, but part of its manufacturing business is conducted outside of the city limits and it owns personal property outside of those limits.    The only question presented on this appeal

is whether the tangible personal property of appellant corporation should be assessed for taxation at the place of its domicile, inside of the city limits, regardless of the *situs* of the property in other portions of the county, or whether it should be assessed outside of the city limits and in the school district where situated.

Counsel for appellant relies upon section 17 of the General Revenue Act of 1883 (p. 218), which was brought forward into Kirby's Digest as section 6904, as fixing the actual *situs* of tangible personal property of a corporation, like that of an individual, as the place for taxation. That section reads as follows: "Sec. 17. Every person required to list property on behalf of others, shall list it in the same township or school district in which he would be required by law to list if such property was his own, but he shall list it separately from his own, specifying in each case the name of the person, estate, company or corporation to whom it belongs; and all real property and merchants and manufacturer's stock, and all the articles mentioned in section twenty (20) of this Act, and all personal property, farms, and real property, not in towns, shall be returned for taxation and taxed in the township, city or town or school district in which it is situated (all shares of stock in any national bank located in this State, whether held and owned by residents or non-residents of this State, shall be listed for taxation and taxed in the city, town, township or school district in which the bank is located), and all other personal property, moneys, credits, or effects, shall be entered for taxation in the township, school district, city or town in which the person to be charged with the taxes thereon resided at the time of listing the same by the assessor, if the person resides in the county in which such property, moneys and effects were listed, if not, then such property, moneys and effects shall be entered for taxation and taxed in the town, township or school district where it was situate when listed."

On the other hand, counsel for appellee contends that the section just quoted has no application to the

assessment of a domestic corporation, which is controlled by another provision of the statute (section 6936 of Kirby's Digest) and has been construed by this court in the case of *Harris Lumber Co.* v. *Grandstaff*, 78 Ark. 187, as fixing the *situs* of tangible corporate property for taxation purposes at the place of the domicile of the corporation itself. We are of the opinion that the contention of the appellee is correct and that the property was properly assessed at the place of the domicile of the corporation. It is true that in the *Grandstaff* case the court only passed upon the question of the right to assess tangible property of a corporation in a county other than the domicile of the corporation, and that decision only went to the extent of holding that the assessment must be in the county of the domicile, but the reasoning adopted by the court in reaching that conclusion was that the statute made no provision for disclosing the *situs* of the property and required the corporation to furnish a list of its personal property, which necessarily meant that it was to be assessed at the place of the domicile.

The statute there construed was subsequently amended so as to provide for the assessment of property of a corporation in the county where the property is situated, but when that statute is considered it makes it plainer that so far as the property in the county of the domicile of the corporation is concerned it is still to be assessed at the place of domicile and not in other portions of the county where the property is situated. Section 6936 was amended by the Act of May 29, 1907 (p. 1225), by adding to the fifth subdivision the words "and shall also show in what county such property is situated." Another section was also added, which requires the assessor of the county of the domicile to make a list of all personal property located in other counties and to certify the same to the assessor of the county in which such property is located. There is nothing said in the statute, as thus amended, about any requirements for specification of the exact location of the property in the county. The only requirement

is that the county shall be specified.  So this leaves the statute without any requirements for information to the assessor of the particular location of the property, and it follows from the reasoning of the *Grandstaff* case, *supra*, that as this is the only method of assessment pointed out, it was intended by the framers of our statute to follow the old common law maxim that movable things follow the person, and assess all the property in the county of the corporation's domicile, at the place of its domicile.

The circuit court so decided, and the judgment is therefore affirmed.