STATE *ex rel.* ATTORNEY GENERAL *v.* BODCAW LUMBER COMPANY.

## Opinion delivered March 12, 1917.

1. TAXATION—DOUBLE TAXATION.—There can be no double taxation, in the sense that the same property may be twice assessed for taxation. The rule against double taxation reaches to any form, and prohibits double taxation under different sovereignties.

2. TAXATION—DOUBLE TAXATION—PROPERTY OUTSIDE THE STATE.—An attempt on the part of this State to tax property permanently situated outside of its borders would constitute double taxation.

3. TAXATION — CORPORATIONS — CAPITAL STOCK — CONSTRUCTION OF STATUTES.—Under Kirby's Digest, § 6936, as amended by Act 1913, p. 615, and Kirby's Digest, §§ 6937 and 6902, providing for assessments for taxation by corporations the term "capital stock" *held* to mean the aggregate value of the corporation's stock in the hands of stockholders, and not the capital of the corporation as represented by its tangible assets, although the value of the shares of capital stock does not constitute the limit of taxation, and as the shares of stock in the hands of shareholders, and the property of the corporation do not contain the same elements of value, a tax on the capital stock of the corporation in addition to the tangible property thereof, does not constitute double taxation and is valid.

4. TAXATION—CONSTRUCTION OF TAX LAWS.—In discovering the intention of the law makers in tax legislation courts should look to the effect and result sought to be accomplished, rather than to mere form and the use of names in designating the scheme.

5. TAXATION—CAPITAL STOCK—SHARES.—Kirby's Digest, § 6936, as amended by Act 1913, p. 615, contemplates the assessment of the shares of stock themselves, or at least the separate elements of value which they represent, and the State has a right to impose the assessment at their value without deduction of property outside of the State.

6. TAXATION—CORPORATIONS—CAPITAL AND SHARES.—The valuation of the property outside of the State must be omitted when the property of the corporation itself is sought to be taxed, but when the effort is to assess the values of the shares of stock, it should not be deducted, for those shares of stock have a separate valuation existing here within the jurisdiction of the State and upon which the State has a right to take its toll of taxation.

7.  PLEADING AND PRACTICE—STATEMENT OF CAUSE OF ACTION.—The character and effect of a pleading is to be determined from its statement of facts, and not from its name; and if the facts stated constitute a cause of action, the pleading is sufficient to call for relief, even though erroneous conclusions be drawn as to its effect.

8.  TAXATION—BACK TAXES—CORPORATION.—Kirby's Digest, § 7204, authorizing the Attorney General to collect certain overdue taxes, reaches not only tangible property omitted from former assessments, but also back taxes omitted from assessments on capital stock of a corporation.

Appeal from Lafayette Chancery Court; *James M. Barker,* Chancellor; reversed.

*Wallace Davis,* Attorney General, *George Vaughan, Frank Pace* and *T. M. Seawel,* Special Counsel, for appellant.

1.  The complaint stated a cause of action and should have been *answered.* If imperfect or incomplete in detail, or uncertain in its allegations, the objection should have been presented by motion—not demurrer. Kirby's Dig., § 6106; 72 Ark. 58; 93 *Id.* 371; 96 *Id.* 163; 101 *Id.* 350; 107 *Id.* 442.

2.  Defendant is liable to a property tax upon its capital stock. Kirby's Digest, § § 6872, 837, 841, 6899, 6903-4, 6906, 6936, 6873; Const., art. 2, § 23, art. 16, § § 7, 5, 6; 46 Ark. 331; 2 *Id.* 291; 5 *Id.* 204; 25 *Id.* 289; 43 *Id.* 525; 46 *Id.* 312; 52 *Id.* 529; 62 *Id.* 461; 120 U. S. 97.

3.  The "unit rule" of value is the true and exclusive statutory method for ascertaining the value of the capital stock for taxation purposes. Kirby's Digest, § § 853, 6872, 6972 (3), (7b), 6873, 6899, 6904, 6923, 6906, 6910-11-12-13, 6920, 6936. This rule has been sustained by the Federal courts.

4.  Certain deductions from the gross value of the capital stock are permissible, but solely to the end that "double taxation" may be avoided. Kirby's Digest, § § 6936, subd. (4), (5), etc. The following deductions are *not* authorized. (1) Stock holdings in other corporations. 106 Ark. 552. (2) Property not taxable. 92 *Id.*

335.   (3) Property *out of bounds*.   No "double taxation" results from refusal to deduct value of real estate outside of the State.    82 N. E. 809; 97 Ark. 254, etc.; Kirby's Dig., § § 6936-7.

5.   There is no double taxation. *Ib.*, § § 6902, 6936-7.

6.   Section 6902 only exonerates shares in the hands of individuals *when* an equivalent value is "taxed at the source," under § 6936.

7.   The back tax act of 1887 supports and is peculiarly applicable.   Acts 1887, p. 33; Acts 1911, 324; Acts 1913, p. 724; 117 Ark. 606; 119 *Id.* 314, 328; 106 *Id.* 248, 256.

8.   Capital stock is "personal property."   Act April 12, 1869; Kirby's Digest, § 6872, par. (7);  Morawetz, Priv. Corp., § 224; 1 Cook Corp. (7 ed.), § 12, p. 57; 4 Thompson on Corp. (2 ed.), § § 3465-71; 8 *Id.* (Supp.), § 3465; 10 Cyc. 346-5; 37 Cyc. 8221; 7 Rul. C. L. 196, 304; 27 Am. & E. Enc. L. (2 ed.) 935; 11 U. S. Enc. 187.   The taxation of capital stock is mandatory.   Kirby's Dig., § 6873; Burroughs, Tax. (1877), 188; 1 Desty on Tax. (1884) 355.

9.   All property, real or personal, in this State is taxable, according to its value.   Const., art. 16, § 5; Kirby's Digest, § § 6873, 6889, 6999, 6906, 6910, 6936, 6904; 106 Ark. 552.   Under our statutes *all* the property of a corporation is reached only once for taxation.   The corporation being required to list its personal property and capital stock; the stockholders are not required to assess their shares.   Kirby's Digest, § § 6902, 6906, 6936; 90 Ky. 68; 13 S. W. 355-7.

10.   Cite statutes and decisions from every State in the Union to sustain their contentions, but want of space forbids the citations.   The brief is 288 pages long and must be abridged.

*Henry Moore* and *Henry Moore, Jr.,* for appellee.

1.   Defendant can not be required to pay once on its property in Arkansas as tangible property, and then be

required to pay a second time on the same property under the guise of paying on capital stock.   76 Ill. 561; 161 *Id.* 132; 129 N. Y. 433; 89 Ala. 335; 95 U. S. 679; 46 Mich. 224; 74 Hun. 101; 24 Atl. 1107; 76 Ill. 561; 24 Wash. 351; 58 L. R. A. 514; 1 Cooley on Tax. (3 ed.) 396-7; 73 Ark. 517.

Double taxation is not allowed.   78 Ark. 192; 92 *Id.* 342; 94 *Id.* 238; 97 *Id.* 261; 54 U. S. (Law Ed.) 430; 57 L. R. A. 35; 2 *Id.* 255.

2.   Property in another State can not be taxed in Arkansas.   119 Ark. 372; 198 U. S. 345; 7 Wall. 262; 14 Otto, 11; 117 U. S. 129; 141 *Id.* 18; 188 *Id.* 390; 182 *Id.* 558; 57 Cal. 594.   Where the corporation itself pays taxes on the property that gives value to the shares, the capital stock is not taxable.   87 Ark. 484.   Tangible property is subject to taxation by the State in which it is, no matter where the domicile of owner may be.   198 U. S. 306, 345; 199 U. S. 205; 222 *Id.* 68; 16 L. R. A. 56; 48 *Id.* 790; 105 N. C. 363.

3.   The shares of stock are personal property and taxable at the residence of the owner.   9 Wall. 352; 18 *Id.* 206; 95 U. S. 697; 136 *Id.* 558; 177 *Id.* 1; 232 *Id.* 10; 198 *Id.* 229.

4.   The tangible property of a corporation located in a State other than its domicile, can be taxed only in the State where located, and can not be taxed in the State of its domicile under the guise of taxing the capital stock of a corporation.   198 U. S. 341; 83 N. Y. Supp. 33; 199 U. S. 194; 69 L. R. A. 450, and note; 63 Ark. 586; 216 U. S. 146; 114 N. W. 565; 15 L. R. A. (N. S.) 143.

5.   See also 87 Ark. 484; 92 *Id.* 344.

6.   No cause of action is stated.   The Back Tax Act does not apply, and gives no cause of action.   117 Ark. 606; 106 *Id.* 248.

McCULLOCH, C. J.   The Attorney General instituted this action in the chancery court of Lafayette County against the Bodcaw Lumber Company, a domestic cor-

poration domiciled in that county, to recover taxes alleged to be due the State and its subdivisions by reason of the failure of said corporation to assess all of its property for taxation for certain years. The right to sue is predicated upon the authority of the statute embraced in Kirby's Digest, section 7204, *et seq.*, as amended by the act of May 30, 1911 (page 324), and further amended by the act of March 12, 1913 (page 724), providing that where it is made to appear to the Attorney General that "in consequence of the failure from any cause to assess and levy taxes or because of any pretended assessment and levy of taxes upon any basis of valuation other than the true value in money of any property hereinafter mentioned, or because of any inadequate or insufficient valuation or assessment of such property or under valuation thereof, or from any other cause, that there are overdue and unpaid taxes owing to the State * * * by any corporation upon any property now in this State which belonged to any corporation at the time such taxes should have been properly assessed and paid, that it shall become his duty to at once institute a suit * * * for the collection of the same," etc.

It is alleged in the complaint that the property of the Bodcaw Lumber Company consists of its capital stock represented by and invested in real and personal property situated in certain counties in the State of Arkansas and in the State of Louisiana, and that the said corporation had failed, during certain years, to make return of all its property for taxation as provided by the statutes of this State, in that it had made no return of its capital stock and had not assessed for taxation any of its property except the tangible property situated in the State of Arkansas. It is further alleged that the capital stock of said corporation is, and has been during the years mentioned, of very great value in the aggregate, after deducting the tangible property subject to specific assessment under the statutes of the State, and that there

is now due to the State the sum of $250,000, as the just proportion from said corporation to the State for the taxes on property which has thus escaped taxation. The court sustained a demurrer to the complaint and dismissed it for want of equity, and the Attorney General has prosecuted an appeal to this court.

(1-2-3)    Learned counsel in the case have set forth in the abstract, by way of illustration, the exact financial condition of the Bodcaw Lumber Company for many years past and the *situs* and value of its tangible property, together with a statement of the amount of its capital stock, the number of shares and value thereof as taken from the reports filed by the president and secretary with the county clerk pursuant to statute, but that statement is not set forth in the complaint nor exhibited therewith, and we can not take notice of it. Nor do we deem it necessary to do so in order to dispose of the questions of law presented on the demurrer, for the complaint contains sufficient allegations to present for argument the questions discussed so thoroughly and ably by counsel in the respective briefs. Suffice it to say that the facts appearing from the complaint are that the Bodcaw Lumber Company has, during the years named, assessed for taxation its tangible property situated in the State of Arkansas, but it has not made any return of its capital stock for taxation, which, according to the contention of the State, is subject to taxation here without deduction of the value of property outside of this State which goes to make up the value of the stock. On the other hand, the contention of counsel for the defendant corporation is that only the tangible property of the corporation in the State is subject to taxation here and that the taxation of the capital stock, without deduction of the value of the tangible property outside of the State would be tantamount to indirectly taxing the property itself and would constitute double taxation. It must be treated as settled that there can be no double taxation in the sense that the

same property may be twice assessed for taxation. That is not contemplated by the Constitution and laws of this State. Nor does it matter, in considering the question of double taxation, whether property is doubly taxed partly in one State and partly in another, for the rule against double taxation reaches to any form, and prohibits the double taxation under different sovereignties. *Wright* v. *L. & N. Railroad Co.,* 195 U. S. 219. Therefore, an attempt on the part of the State to tax property permanently situated outside of its borders would constitute double taxation. It has been held by many of the courts that shares of stock in a corporation may be treated separate and apart from the stock and property of the corporation itself for the purpose of taxation, and that that does not offend against the rule prohibiting double taxation. *Kidd* v. *Alabama,* 188 U. S. 730; *Corry* v. *Mayor of Baltimore,* 196 U. S. 466; *Hawley* v. *City of Malden,* 232 U. S., p. 1. Such, however, is not the practice under the statutes of Arkansas, which contain an express provision that "no person shall be required to include in his statement as a part of the personal property, moneys, credits, investment in bonds, stocks, joint stock companies or otherwise, which he is required to list, any share or portion of the capital stock or property of any company or corporation which is required to list or return its capital and property for taxation in this State." Kirby's Digest, § 6902, Act 1883, § 15, p. 217. This court decided that the purpose of the law-makers in enacting the above statute was to provide against double taxation. *Dallas Co.* v. *Banks,* 87 Ark. 484; *Dallas Co.* v. *Home Fire Ins. Co.,* 97 Ark. 254.

A discussion of the questions presented involves an analysis of the statutes of this State relating to the assessment of the property of corporations for taxation. There are different classifications under the statutes for different kinds of corporations. There is a separate provision with reference to banks, which requires a return

to be made by the officials of the corporation, and we have decided that the scheme contemplates a taxation of the shares of stock in such corporation according to value and not of the property of the corporation itself, and that, therefore, the value of shares of stock in a national bank, when assessed for the purpose of taxation are not subject to deduction of value of property of the bank which is exempt from taxation. *First National Bank* v. *Board of Equalization,* 92 Ark. 335.

The defendant is a manufacturing corporation, which falls within the general class of corporations required to make returns for purposes of assessment in the following manner:

Such corporations shall, through their president, secretary, principal accounting officer, etc., annually during the month of July "make out and deliver to the assessor of the county in which such company or corporation is located or doing business, a sworn statement of the capital stock, setting forth particularly:

"*First.* The name and location of the company or association.

"*Second.* The amount of capital stock authorized, and the number of shares into which such capital stock is divided.

"*Third.* The amount of capital stock paid up, its market value, and, of no market value, then the actual value of the shares of stock.

"*Fourth.* The total amount of all the indebtedness, except the indebtedness for current expenses, excluding from such indebtedness the amount paid for the purchase of improvement of the property.

"*Fifth.* True valuation of all tangible property belonging to such company or corporation; such schedule shall be made in conformity to such instructions and forms as may be prescribed by the Auditor of State; and shall also show in what county such property is situ-

ated.'' Kirby's Digest, § 6936, as amended by act of March 11, 1913, p. 615.

The next section (6937) provides that if the officers of the corporation neglect or refuse to make the return as required above, then ''the assessor shall from the best information he can obtain, make out and enter upon the proper assessment roll a list with the valuation of all tangible and intangible property belonging to such defaulting company or corporation subject to taxation by the provisions of this act with 50 per cent. penalty.''

Now, the provision just quoted with reference to the method of assessment of corporation property must be read in connection with the statute already referred to, which provides that the owners of shares of stock in a corporation required to list its capital stock are not required to include such shares of stock in their personal assessments, and, when thus considered, it is seen that the legislative scheme provided is not merely to assess the property of the corporation itself, but to include the value of the shares of stock and tax them at the source. The words ''capital stock'' used in the statute means the aggregate value of the shares of stock in the hands of the shareholders, though the value of the shares of stock themselves do not constitute the limit of taxation. The purpose of the law-makers was to merge the separate valuation of the shares of stock into the aggregate valuations of the whole, and thus constitute the compound as a basis for fixing the valuation for taxation purposes, after deducting the value of the tangible property which is to be specifically assessed separately. In this way the law-makers have provided a scheme for taxation of all of the elements of value of this property one time, and only once, and the tax is levied at the source and paid there without any assessment being levied against the individual shareholders. The scheme absolutely excludes any idea of double taxation, but it does provide an adequate means of including all the elements of value contained in

the shares of stock and the tangible property of the corporation itself, merged into a composite whole. The assessment of the property is in name only against the corporation, for it includes the elements that go to make up the value of the shares of stock themselves. The assessment does not include both the shares of stock separately and the aggregate whole as represented by the capital of the corporation, for that would be double taxation, but the scheme does, as before stated, contemplate that all of the elements of value be considered in fixing a basis of value which will include every species of property involved. The two species of property, that is to say, the shares of stock held separately in the hands of the shareholders and the property of the corporation itself, do not contain the same elements of value. The capital of the corporation is represented by its tangible assets; whereas, the shares of stock contain only the element of market value, which may be increased or decreased by the value of the earning capacity of the corporation above or below the market value of the property owned by the corporation. The statute expressly provides that intangible as well as tangible values shall be taxed, and shares of stock represent the taxable intangible value, subject to reduction to the extent of the value of the tangible property in the State which is taxed separately. If the State should tax only the tangible property in the State, it would get no benefit whatever from the element of value represented by the earning capacity of the corporation and nothing in return would be received in the way of taxes for omitting from taxation the shares of stock in the hands of the individual holders, thus creating a complete exemption of that class of property.

(4) So when these different elements are considered together, we have a taxation scheme which embraces them all in making up the true valuation for assessment purposes. Such being the state of the law with respect to the method of assessment and the elements to

be considered, the question arises whether or not there
should be a deduction of tangible property outside of the
State, over which the State has no jurisdiction and which
is taxed elsewhere.   Our statute expressly provides that
tangible property of the corporation shall be assessed
separately, but this does not include, of course, the as-
sessment of property outside of the boundaries of the
State, for the power does not extend that far.   But it
does not necessarily follow that because the property
owned by the corporation is in another State and is
taxed there, that its value must be deducted from the
blended valuations which are assessed for taxation in
this State.   That construction would lead to a partial
exemption of the shares of stock from taxation, and we
can not presume that the legislative scheme contem-
plates such a thing, for it is contrary to an express pro-
vision of the Constitution, which prohibits exemptions
from taxation.   *Dallas Co.* v. *Home Fire Ins. Co., supra.*
The statute hereinbefore quoted which authorizes the
omission from the personal assessment lists of shares of
stock in a corporation is limited to such corporations as
are required to list their property for taxation, and if it
be held that the property of the corporation outside of
the State is not to be listed, it would necessarily follow
that the shares of stock themselves must be separately
listed and taxed against the owners thereof.   Such was
obviously not the intention of the framers of the statute,
even though the tangible property is situated beyond the
limits of the State, for there is no provision for an as-
sessment of the shares of stock against the owner in the
cases where the corporation itself assesses its property
partly in this State and partly in some other State.   The
State undoubtedly has a right to assess all the property
of the corporation and its shareholders in this State and
to consider all the elements of value in levying the as-
sessments.   It does not attempt to assess the property
outside of the State, either directly or indirectly, nor

does it attempt to assess the capital of the corporation as represented by the value of property outside of this State, but what it has attempted to do in the statute hereinbefore outlined is to introduce into the assessment the elements of value attaching to the shares of stock themselves, even though it may be based on property of the corporation situated outside of the State, and thus "to require one tax on all attainable sources of value." *Wright* v. *L. & N. Railroad, supra.* This view of the statute prescribing the method of taxation reconciles the assessment without such deduction with those decisions of the United States Supreme Court, which hold that the assessment of the property of a corporation can not include property outside of the State, and also with those which hold that the shares of stock themselves can be assessed, even though property which goes to make up the value thereof is situated beyond the borders of the State. *Delaware L. & W. Rd. Co.* v. *Pennsylvania,* 198 U. S. 341; *Hawley* v. *Malden, supra.*

Learned counsel for the defendant earnestly rely on the decision of the Supreme Court of the United States in the first of the two cases just cited as sustaining their contention that this is in effect an attempt to indirectly tax tangible property outside of this State by including it in the assessment of the capital stock of the corporation. There is language found in that opinion which seems to bear out that contention. The court say:

"We can not see the distinction, so far as the question now before the court is concerned, between a tax assessed upon property *eo nomine* or specifically when outside the State, and a tax assessed against the corporation upon the value of its capital stock to the extent of the value of such property, and which stock represents to that extent that very property. If the property itself could not be specifically taxed because outside the jurisdiction of the State, how does the tax become legal by providing for assessing the tax on the value of the capi-

tal stock to the extent it represents that property and from which the stock obtains its increased value? Can the mere name of the tax alter its nature in such case? If so, the way is found for taxing property wholly beyond the jurisdiction of the taxing power by calling it a tax on the value of the capital stock or anything else which represents that property. Such a tax in its nature, by whatever name it may be called, is a tax upon the specific property which gives the added value to the capital stock.''

It must be remembered that the above statement of the law was made in a case reviewing an assessment which did not contain the element of value going to make up the shares of stock of a corporation, but it related purely to an assessment of the capital as the property of the corporation itself. It does not appear that in the State of Pennsylvania, where that case arose, there was a statute such as we have here, requiring the corporation itself to return the value of the shares of stock and exempting individual stockholders from taxation. But on the contrary, it appears from the opinion that the assessment provided under the laws of Pennsylvania, constituted one against the property of the corporation itself, and, for aught that appears in the opinion referred to, the shares themselves were otherwise taxed.

(5-6) The statute which we deal with in the present case contemplates an assessment of the shares of stock themselves, or at least the separate elements of value which they represent, and the State has a right to impose the assessment at their value without deduction of property outside of the State. In other words, there is a clear distinction between an assessment solely of the corporation property and a composite assessment such as is provided under our statute for the taking into consideration of all of the elements of value, including the shares of stock therein. The Supreme Court of the United States so held in the case of *Commercial Bank* v.

*Chambers,* 182 U. S. 556, and the force of the decision is not impaired by the later case cited above. The statute, and the assessment which the State attempts now to make thereunder, is not an evasion of the rule against double taxation, as the court indicates was attempted under the Pennsylvania statute, but it constitutes merely an attempt to assess the valuation of property in this State and tax it only one time according to its true elements of value. In considering the validity of a taxation scheme, we look to the effect and to the result sought to be accomplished, rather than to the mere form or to the use of the name in designating the method of taxation, and when this is done we discover the intention of the law-makers to tax in the name of the corporation the shares of stock themselves, without deduction, as is our right, of the valuation of property outside of the State, which goes to make up the valuation of the shares of stock. The statute provides for a separate taxation of the tangible property of the corporation in the State, and the valuation of the property thus separately assessed must be deducted from the total valuation assessed against the corporation. *Hempstead County v. Hempstead County Bank,* 73 Ark. 515; *Harris Lumber Co. v. Grandstaff,* 78 Ark. 187; *Arkadelphia Milling Co., v. Board of Equalization,* 126 Ark. 611; *Harvester Building Co. v. Hartley,* 160 Pac. (Kan.) 971. The deduction, however, can only be of the property in this State which is assessed here, for the sole object of the deduction is to prevent double taxation. *Hempstead County v. Hempstead County Bank, supra.* It should not include property outside of the State, for that is not taxed here. Upon other principles hereinbefore indicated, the valuation of the property outside of the State must be omitted when the property of the corporation itself is sought to be taxed, but when the effort is to assess the values of the shares of stock it should not be deducted, for those shares of stock have a separate valua-

tion existing here within the jurisdiction of the State and upon which the State has a right to take its toll of taxation.

Our conclusion, therefore, is that the State is correct in its contention that the failure of the defendant corporation to make return of its capital stock without deduction of the value of tangible property outside of the State was a violation of its duty, and that the property was and is subject to taxation. The allegations of the complaint are not altogether clear in the statement of the State's cause of action for recovery of taxes on unassessed property, and the language used indicates some confusion of the statutory terms referred to. This is particularly true in the amendment to the complaint defining the term "capital stock" as used therein. That term as used in the statute means shares of stock of the corporation in the aggregate, and not the capital of the corporation as represented by its tangible assets. The meaning of the law-makers in this regard is perfectly clear when the use of the term is considered in connection with a provision which follows, to the effect that the corporation is required to state in its return the number of shares "into which such capital stock is divided," and the "amount of capital stock paid up, its market value," etc.

(7) Counsel were in error in the definition given in the complaint of the term "capital stock," but that error does not destroy the force of the allegations as the statement of a cause of action. The character and effect of a pleading is to be determined from its statement of facts and not from its name, and if the facts stated constitute a cause of action the pleading is sufficient to call for relief, even though erroneous conclusions be drawn as to its effect. *Merrit* v. *School District,* 54 Ark. 468; *Fordyce* v. *Nix,* 58 Ark. 136.

Notwithstanding the erroneous definition contained in the complaint, it appears sufficiently from the allega-

tions that the corporation named and assessed only its tangible property in this State and failed to return its capital stock as expressly required by statute. From the statement of those facts the court itself must draw the proper legal conclusions, and determine whether or not taxable property has been withheld from assessment.

(8) The only remaining question is whether or not the statute authorizes the Attorney General to sue to recover back taxes omitted in this way from assessments. The contention of counsel for defendant is that this statute was only intended to reach tangible property omitted from former assessments and that the property involved in this controversy is not of that character. The statute relates to property "now in this State which belonged to any corporation at the time such taxes should have been properly assessed and paid," and which is now owned by a corporation. The property in controversy falls within the designation of the statute. It was at the time it should have been assessed, property of the corporation within the meaning of the taxation laws of the State, and is still owned by a corporation within that meaning. There is nothing in the language of the statute which warrants a contention that it relates only to tangible or corporeal property. The aggregate of the capital stock was assessable in the name of the corporation, and was, therefore, the property of the corporation within the meaning of the statute, which was designed to reach property which corporations were and are required to assess, even though it included the shares of stock in the hands of the individual shareholders.

Upon the whole, we are of the opinion that the complaint stated a cause of action against the defendant and that the court erred in sustaining the demurrer. The judgment is, therefore, reversed, and the cause remanded with directions to overrule the demurrer to the complaint and for further proceedings not inconsistent with this opinion.

SMITH and HART, JJ., dissent.

WOOD, J., (concurring). In the case of *State ex rel.* v. *K. C. & M. Ry. & B. Co.*, 117 Ark. 606, this court held that the act of 1887, as amended by the act of March 12, 1913, Act 169, p. 724 (the back tax act), was a valid enactment. Although I dissented in that case, I realize that until it is overruled by this court or declared unconstitutional by the Supreme Court of the United States, such decision is the law, and I am bound by it. Hence, I concur in the opinion and judgment now entered.

The present suit was brought under the above statute, and, treating the same as a valid law, there is no escape from the conclusion that under our taxing system corporations of the character of the appellee are required to return for taxation the shares of stock into which the capital stock is divided, and these shares, for the purpose of taxation, are treated as capital stock of the corporation. The shares of stock are not taxed as the property of the shareholders, but, under our statute, they are taxed under the designation "capital stock," and as the property of the corporation. As the shareholders are not required to tax their individual shares separately, the corporation is required to tax them in the aggregate under the head of "capital stock." *Dallas Co.* v. *Banks*, 87 Ark. 484; *Dallas Co.* v. *Home Fire Ins. Co.*, 97 Ark. 254.

The assets of the corporation of every character and wherever located may be taken into consideration by the assessing officers in ascertaining the value of the shares of stock. The *situs* of the shares of stock—capital stock—for the purpose of taxation, is the domicile of the corporation. The value of tangible property owned by the corporation beyond the jurisdiction of the State must be taken into consideration in determining the value of the shares of stock, for such property is one of the elements or factors giving value to the shares of stock, and the value of such property, in so far as it enters into the cal-

culation or estimate made in determining the value of the shares of stock in the aggregate can not be deducted from the sum thus ascertained to be the value of those shares, for this would be but climbing the hill and sliding back to the starting point. It would be tantamount to excluding the tangible assets of the corporation in other jurisdictions from consideration in the calculation necessary to determine the aggregate value of the shares of stock. It is not double taxation to adopt this plan for ascertaining the value of the shares of stock, or capital stock, for the reason that only the value of the shares of stock so ascertained is taxed in this State. The tangible property of the corporation outside of the State is not taxed here at all, and could not be, for that is taxed in the jurisdiction where it is located. But such property is only considered in so far as it contributes to give value to the shares of stock which the State has a right to tax, at their source, that is, the domicile of the corporation. But the rule is different as to tangible property within this State. The State has the right to tax the value of the shares of capital stock once, as ascertained by the method indicated, and, inasmuch as the tangible assets within the State have been considered once in making up this value, the rule adopted by this court to prevent double taxation is to deduct the tangible property taxed here as such, from the aggregate value of the shares of stock taxed as capital stock because that has to be considered and is embraced in the calculation making up the total value of the shares of stock. Not to deduct the local tangible assets, taxed as such, would be equivalent to taxing the value of such assets twice. But all of this is clearly set forth and argued in the opinion of the Chief Justice.

The conclusion reached by the majority of the court, it seems to me, is the only logical result to follow, conceding, as I do, that the act is now a valid law. However, in view of the far reaching consequences that it may have, I have concluded, while my mind is on the statute, to re-

cord here my views as to the constitutionality of the act, which I frankly concede it would have been more appro- . priate to record in the case of *State ex rel.* v. *K. C. & M. Ry. & B. Co., supra,* but which at that time I was unable to reduce to writing by pressure of other urgent court duties.

I am firmly of the opinion that the act under which this suit was brought is unconstitutional, because the Legislature, by striking out the words ''or person'' from the original Back Tax Act of 1887, and leaving the act to apply only to corporations, showed its deliberate purpose to discriminate against corporations and to favor natural persons. While it is well settled that the sovereign power may classify for taxation, it is equally well settled that such classification must have some basis in reason to justify a discrimination or distinction between taxpayers. The cases which recognize the right of the sovereign to classify, in stating the rule, also recognize the principle that if the classification be clearly unreasonable and arbitrary, and without any just distinction to rest upon, such classification comes within the inhibition of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. *Williams* v. *State,* 85 Ark. 464; *St. L., I. M. & S. Ry. Co.* v. *State,* 86 Ark. 518; *Mo. & N. Ark. Rd. Co.* v. *State,* 92 Ark. 1; *Ex parte Byles,* 93 Ark. 612; *Ozan Lumber Co.,* v. *Union County Bank,* 207 U. S. 251.

I contend that any law which shows on its face no other reason for classification than that one taxpayer is a corporation and the other an individual is based upon considerations that have no possible connection with the duties of citizens as taxpayers. Such a statute is purely arbitrary, capricious and oppressive, and is in plain violation of article 16, section 5 of our Constitution, requiring all taxes to be equal and uniform throughout the State. And by violating this provision it also violates the Fourteenth Amendment to the Constitution of the

United States, which prohibits the State from denying to any person the equal protection of the laws.  1 Cooley on Tax. 72, *et seq.*, 83; Judson on Tax., pp. 594, 606, 608, 618.

Such I understand to be the law as announced not only by the ablest authors of text books on the subject of taxation, but also by the State courts of last resort, and by the Supreme Court of the United States, where the question has arisen in the latter court, under State Constitutions having an equality and uniformity clause similar to ours. *State* v. *Loomis,* 115 Mass. 307, 314; *Russell* v. *Croy,* 164 Mo. 69; *South & North Alabama Railroad* v. *Morris,* 65 Ala. 193, 199; *Santa Clara Co.* v. *So. Pac.,* 18 Fed. R. 385; *North. Pac. Ry. Co.* v. *Walker,* 47 Fed. R. 681; *County of San Mateo* v. *So. Pac. Ry. Co.,* 13 Fed. 145, 150; *Gulf, C. & S. F. Ry. Co.* v. *Ellis,* 165 U. S. 155; *Bell's Gap Rd. Co.* v. *Pennsylvania,* 134 U. S. 232, 237; *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540, 560; *Bradley* v. *Richmond,* 227 U. S. 477.

In *Fletcher* v. *Oliver,* 25 Ark. 289, 295, we said: "Taxation by uniform rule means by one and the same unvarying standard; uniformity not only in the rate of taxation, but uniformity in the mode of assessment by which the value is ascertained.  There must be an equality of burden." In *Ex parte Fort Smith & Van Buren Bridge Co.,* 62 Ark. 461, we said: "When the property of a few is taxed according to its value and of all others at one-half its value, then the few are required to contribute double their proportion of the burden.  This is manifestly wrong, and justice demands that it be redressed whenever it can be done in conformity to the laws."

Legislation for the collection of "back taxes" which seeks to lay the burden of paying those taxes upon only one class of taxpayers, while exempting all others, without any reason for such discrimination other than that the one class consists of corporations while the other is natural persons, is equally as obnoxious to the equality

clause of our Constitution as would be legislation making the same classification for the original assessment of taxes. The effect of such legislation in either case is to lay the burden necessary to meet the expense of government upon one class of property owners, while exempting others, based upon no other reason than a mere difference in ownership and in names of owners. Such legislation, in its last analysis, is but a flagrant discrimination against individuals who may have associated themselves according to law and for lawful purposes in order to transact their business in a common name by which the corporation is designated, and in favor of individuals who may transact precisely the same kind of business as natural persons without a corporate name. To illustrate, the Sunnyside Planting Company is a corporation engaged in the business of producing cotton in Chicot County, Arkansas. It owns two thousand acres of land in that county which is used for that purpose. Suppose it has failed to pay taxes on such lands for fifty years. John Jones has also two thousand acres adjoining the lands of the corporation, precisely the same character of land and used for the same purpose. He, too, has failed to pay the taxes on his land for fifty years. Or say each of these taxpayers has had on hand each year during all these years one hundred mules, ten thousand in money or other of the same kind of personalty which they have failed to return for taxation. Can any reason be suggested why a law should be enacted compelling the corporation to pay these back taxes and expressly exempting John Jones from liability therefor? Yet such is the effect of the statute under review. See *Wolff Chem. Co. v. City of Philadelphia*, 66 Atl. 344, 217 Pa. 215; *United States v. Milwaukee Refrig. Tr. Co.*, 142 Fed. 247.

The mandate of our Constitution requiring taxes to be equal and uniform forbids legislation that makes "fish of one and flesh of another" taxpayer who both stand in precisely the same relation to the government as to

their taxpaying duties. The act makes no attempt to classify as to any particular corporation or special kind of property that might furnish fit subjects for classification. It is but a bald discrimination between corporations in general and natural persons. Of course, when the sovereign power is fair and just, making no arbitrary and oppressive discrimination in the law itself by which it seeks to compel delinquent taxpayers to bear their proportion of the burdens of taxation, then, if by reason of defective administration of the law one delinquent is caught while another escapes, "it does not lie in the mouth of the one called upon to make his contribution to complain that some other person has not been coerced into a like contribution."

In the recent case of *State ex rel.* v. *K. C. & M. Ry. & B. Co.,* 117 Ark. 606, this court to sustain its view that the act was valid, cited and relied principally upon *Weyerhaueser* v. *Minnesota,* 176 U. S. 550, and *Florida Cent., etc., Rd. Co.* v. *Reynolds,* 183 U. S. 471.

In the Minnesota case the legislation arose under a statute which operated alike upon all taxpayers. There was no classification, hence no discrimination on the part of the sovereign by which one class of delinquents, towit, corporations, could be made to pay while another class of delinquents, towit, individuals, who stood in precisely the same attitude as to the duty to pay taxes, was exempt.

The Florida case arose under a statute which provided for the collection of taxes "upon any railroads and the properties thereof for the years 1879, 1880, 1881." Here was a classification which all the authorities recognize as perfectly legitimate and reasonable for taxation purposes.

As is well expressed by Judge Caldwell, speaking for the court, in *Northern Pac. R. Co.* v. *Walker,* 47 Fed. R. 681, "The franchise of railroad companies, and their earnings, and railroad property, may well be classed by themselves for purposes of taxation and taxed by a dif-

ferent method or rule from that applied to other property." Of course, all that is said in the opinion in the above cases must be interpreted in the light of the facts upon which the opinion is based. The Constitution of Florida is unlike ours in that it provides only "for a uniform rate of taxation." Not only was it reasonable that railroads should stand in a class by themselves, but the act specially mentions the years that such railroad had escaped taxation. On this feature of the act the court said: "A wrong intent can not be imputed to the Legislature. It may have found that the railroad delinquent tax was large" (for three years) "and the delinquent tax on other property was small and not worth the trouble of provision therefor." But it could hardly be said of the act under review that in 1913, when the Legislature made the act apply solely to corporations by striking out persons it did so for the reason that it found that corporations, during all the years they had been allowed to do business in this State, had been delinquent in the payment of taxes while individuals had not. The very fact that the Legislature, for all this long period, made a discrimination against corporations shows a deliberate purpose to cast upon them an unequal burden of taxation. Speaking of the effect of the Fourteenth Amendment on such a state of facts, the court further said: "Doubtless it would prohibit a State from selecting some obnoxious person and casting upon his property the sole burden of taxation, or a burden differing from that case upon others where property was similarly situated, but it does not prevent a State from exercising its judgment as to the property to be taxed and the modes of taxation, providing all property similarly situated is treated in the same way."

Therefore, I am unable to see how the Minnesota case and the Florida case, *supra,* have any application or give any support to the view that the "Back Tax" Act of 1887, as amended, is a valid enactment. As I stated in

the beginning, the act shows on its face that it is in plain violation of the "equal and uniform" clause of our Constitution, and, being so, is also in plain violation of the "equal protéction" clause of the Fourteenth Amendment to the Constitution of the United States.