CROSSETT LUMBER COMPANY *v.* STATE.

Opinion delivered July 7, 1919.

1. TAXATION—ASSESSMENT OF VALUE OF CAPITAL STOCK—CORPORATION—LANDS LYING IN ANOTHER STATE.—In assessing the value of the capital stock of a corporation, it is proper to include lands belonging to the corporation, situated in another State.

2. TAXATION—SAME.—The ruling in the case of *State ex rel. Attorney General* v. *Bodcaw Lumber Co.,* 128 Ark. 505, is not overruled by Act No. 262, page 1355, Acts of 1917.

Appeal from Ashley Circuit Court; *Turner Butler,* Judge; affirmed.

*George Norman* and *Gaughan & Sifford,* for appellant.

We call attention to the provisions of our Constitution and statutes and the decisions of our own court and that of the United States, which are needed to correctly decide the issues here. Const. 1874, Ark., art. 16, § § 5-6; Kirby & Castle's Digest, § § 8462, 8516, 8524, 8549. Section 8549 was in effect when the Bodcaw Lumber Company case was decided, also when *Harris Lumber Co.* v. *Grandstaff* was decided. 128 Ark. 505. After the decision in the Bodcaw case the Legislature passed Act 262,

Acts 1917, materially changing section 8549. This act undertook to make the shares of stock of a corporation property for the purpose of taxation. We find no warrant in our laws or Constitution for requiring the ordinary industrial corporation to assess for itself or its shareholders its shares of stock owned by its stockholders. 73 Ark. 516; 78 *Id.* 188; 87 *Id.* 484; 92 *Id.* 338-9; 97 *Id.* 254; 131 *Id.* 40; 47 U. S. (Law ed.) 669; 58 *Id.* 477. See also *Bank etc.* v. *Richardson,* 8 Advance Sheets Lawy. Co-Op. Pub. Co., p. 212, January 27, 1919.

The Legislature, by Act 252, undertook to relieve industrial corporations from the decision in the Bodcaw case and from the hardships imposed under that decision. The statute is unambiguous and should be taken to mean what it says, and authorizes credit on the assessment for the value of its Louisiana lands, and it is not unconstitutional. The decision in the Bodcaw case appears to ignore the distinction between *capital, capital stock* and *shares of stock.* See p. 513 in 128 Ark.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

This case presents nothing new. The identical question was settled in 128 Ark. 505. Act No. 262 was introduced six weeks before the Bodcaw case was decided and was passed two weeks before the decision in that case. But to give the act the construction contended for by appellant, it would be unconstitutional. Art. 16, § 6; 128 Ark. 515.

SMITH, J.   Appellant is a domestic corporation and has a considerable portion of its assets invested in lands in the State of Louisiana upon which it pays taxes according to the laws of that State, and it is out of that fact that this litigation arises. In the assessment of the value of its capital stock the assessor refused to take that fact into account in determining the intangible value of this capital stock. In other words in determining the intangible value of the capital stock the assessor refused to deduct the value of the Louisiana lands in which a por-

tion of the company's assets had been invested. Complaint against this action was made in the county court where the relief prayed was denied, and relief was again denied on appeal to the circuit court and this appeal has been prosecuted from that judgment.

(1) The question presented is not a new one. On the contrary, the identical question received the most careful consideration by us in the case of *State ex rel. Atty. General* v. *Bodcaw Lumber Co.*, 128 Ark. 505, and in the decision of that question it was there said: "The valuation of the property outside of the State must be omitted when the property of the corporation itself is sought to be taxed, but when the effort is to assess the values of the shares of stock it should not be deducted, for those shares of stock have a separate valuation existing here within the jurisdiction of the State and upon which the State has a right to take its toll of taxation."

(2) It is asserted, however, that this case has been overturned by the enactment of Act No. 262 of the Acts of 1917, page 1355, entitled "An act to provide for the assessment for the taxation of companies, associations and corporations engaged in all kinds of insurance, security, guaranty and indemnity business, and assessing for taxation the intangible property of all corporations."

The argument to that effect is based upon the fact that industrial corporations like appellant are required by paragraph 6 of section 2 of this act to make return of "the assessed value of all real estate owned by the corporation," it being asserted that the purpose of this requirement was to ascertain the value of the intangible property of the corporation and to allow the corporation credit for its lands which were separately assessed.

In answer to this argument it is pointed out that the opinion in the Bodcaw case was handed down by the court on March 12, 1917, and Act No. 262 was approved by the Governor five days later. But the act had been passed by the House on February 5th and by the Senate on February 28th and was delivered to the Governor for

his approval two weeks prior to the rendition of the opinion in that case.

But a second answer to this argument is made, which we regard as more conclusive, and that is that the section of Kirby's Digest (section 6936) under which the property of the Bodcaw Lumber Company had been assessed required that corporation to make a return of "the true value of all tangible property belonging to such company or corporation." The term "tangible property," found in the old statute, is certainly as comprehensive as the term "all real estate," found in Act No. 262, and substantially the same argument was made there as the one made now; so that we conclude there is nothing in this Act No. 262 to impair the authority of the Bodcaw Lumber Company case as a guide to the correct method of assessing the capital stock of domestic corporations, even though portions of it may be invested in lands lying in another State which are there assessed and paid on as such. In other words, if a corporation cannot be allowed to deduct from its assessment its tangible property in another State it cannot be allowed to deduct the value of its real estate situated in another State. *State ex rel. Atty. Gen.* v. *Ft. Smith Lumber Co.,* 131 Ark. 40.

The court below, therefore, properly refused to allow the appellant to deduct from its assessment the value of its lands in Louisiana and that judgment is, therefore, affirmed.