STATE *v.* GLOSTER LUMBER COMPANY.

Opinion delivered February 21, 1921.

1. TAXATION—CORPORATE PROPERTY IN ANOTHER STATE.—Where a domestic corporation is actively engaged in business in this State, having its tangible property situated partly in this and partly in another State, in the estimate of value of its stock for taxation in this State the value of the tangible property in another State should be included; the above rule not being changed by Acts 1917, p. 1355.

2. TAXATION—CORPORATE PROPERTY IN ANOTHER STATE.—In assessing under Kirby's Dig., § 6910, the stock of a domestic corporation operating its business and having all of its tangible property in another State, the value of such tangible property should be included in fixing the taxable value of its corporate stock.

3. TAXATION—DOMESTIC CORPORATION.—Under Kirby's Dig., § 6910, providing that the aggregate value of the stock of "all corporations doing business in this State," after deducting the assessed value of its real estate and other tangible property, shall be "listed and assessed by the corporation as agent for its shareholders, such tax is assessable against domestic corporations not actively operating business in this State.

Appeal from Ouachita Chancery Court; *J. M. Barker,* Chancellor; reversed.

*John D. Arbuckle,* Attorney General, and *George Vaughan,* Special Counsel, for appellant.

The sole question presented grows out of the fact that the *active business* of the defendant corporation is carried on *outside* of the State of Arkansas. The court erred in holding that the complaint was without equity and in dismissing it. The complaint was sufficient and stated a cause of action and sufficiently alleged that defendant corporation was "doing business" in Arkansas.

Although appellee's tangible property situated in another State where its active business is being conducted can not be taxed in this State, its shares of stock can and should be taxed here, and the value of its tangible property in another State can be included in the estimate of the value of the stock to be taxed here. The law is settled. 128 Ark. 505; 198 S. W. 692, see page 515, also

517-18. See, also, *Ib.* § 6396; Acts 1919, p. 244; 105 Ark. 370; 106 *Id.* 552; 131 *Id.* 40.

The Arkansas law does not seek to assess both the *property* of the corporation and the *shares of stock*. It reaches out only for the latter in the hands of the shareholder—*in solido* at the corporation's domicile. Since there is no tangible property of the corporation which the State can reach in Arkansas, there is no deduction permissible from the share value.

The State in which a corporation is organized may provide in creating it for the domestic taxation of all the corporation's shares, whether owned by residents or nonresidents. 232 U. S. 1; Am. Cas. 1916 C 842; 204 Mass. 138; 90 N. E. 415; 196 U. S. 466; 53 Atl. 942; 64 U. S. (Law. Ed.) 572; 40 Sup. Ct. Rep. 558.

This is a property tax, not a privilege tax. See Joyce on Franchises, §§ 6-8; 2 Fletcher, Cyc. of Corp., § 1149. It is property, and its taxation *as property* is specifically provided for by statute. Kirby's Dig., § 6936 *et seq.;* act 262, Acts 1917, pp. 135-9.

The shares are within the jurisdiction and taxable. 1 Dewing, "The Financial Policy of Corporations" (1920), page 7.

Corporate shares are property, and the State has power to tax. 150 N. Y. 1; 44 N. E. 707; 54 L. R. A. 238; 55 Am. St. 632. See, also, 145 Ia. 1; 123 N. W. 743; Gleason & Otis on Inheritance Taxation, p. 318; Ross on Inheritance Taxation, 246, § 182; *Ib.,* pp. 246-8; 186 N. Y. 220; 78 N. E. 939; 10 L. R. A. (N. S.) 1010; 173 Miss. 375-7; 76 N. E. 16.

Arkansas has jurisdiction over the corporation and the property of its shareholders and can levy a valid tax. 64 N. Y. 542; 51 Hun 312; 21 Utah 324; 56 L. R. A. 346; 186 U. S. 556; 129 N. Y. 558; 122 Tenn. 279.

As illustrative cases from other States, see 170 N. W. 863; 40 Sup. Ct. Rep. 558; 21 Utah 324; 61 Pac. 560; 182 U. S. 556; 153 Cal. 549; 156 *Id.* 617; 10 N. E. 442; 102 Kan. 334; 170 Pac. 33. These authorities sustain the

*Bodcaw* decision of this court. The true construction of the act comprehends all corporations. The intention and purpose of the act was to tax all intangible property. Kirby's Dig., § 6936, was expressly repealed by the act, and its plain purpose was to substitute a more efficacious and working formula for segregating intangible property. There certainly was no intention to reach and tax intangible property. Words in a statute which have previously been judicially interpreted are presumed to be used in that sense in the absence of anything to indicate a contrary intent. 36 Cyc. 1118; 72 Ark. 601, 610; 84 S. W. 224; 84 Ark. 316-320; 21 Ark. 5-8; 138 *Id.* 549. The phrase, "doing business," has been often defined. 60 Ark. 120; 114 *Id.* 155; 125 *Id.* 413; 128 *Id.* 211; 136 *Id.* 417; 217 S. W. 1. The phrase "doing business" is employed in our Constitution in only one place. Art. 12, § 11. The Legislature in passing the act used the phrase as a limitation applicable only to foreign corporations, and section 2 of the act only applies to foreign corporations, leaving section 6936, Kirby's Digest, to take care of domestic corporations, and only that part of section 6936 which is in conflict, viz., that portion which relates to foreign corporations, will be held repealed. 11 Ark. 481, 490-8, 502; 80 *Id.* 203; 85 *Id.* 346; 86 *Id.* 343; 97 *Id.* 322; 112 *Id.* 101. An act should be construed so as not to conflict with the Constitution. 58 Ark. 407, 438; 69 *Id.* 376-8, etc. Technical terms used in a technical sense. 4 Crawford's Digest, p. 4682, col. 2. Statutes must be construed *as a whole.* Black on Int. Laws, § 99; Endlich Int. of Stat. 258; Potter's Dwarris on Stat. 197, 201; 2 Ark. 229, 250; 115 *Id.* 194; 140 *Id.* 398.

The annulment of section 2 of the act upon constitutional grounds does not necessarily destroy the validity of section 1, which, it is conceivable, would have been enacted alone. Cooley, Const. Lim. (7 ed.), p. 246; 130 Ark. 70; 138 *Id.* 381; 216 S. W. 289.

The title of the act and its context should be construed together as determining the meaning. 82 Ark.

302; 124 *Id.* 61, 20, 24. Any interpretation of act 262 tending to the unlawful result of relieving corporate property from its just burden of taxation *ipso facto* destroys the act and renders it invalid. Hence this court will not give the act such construction as to bring about an unconstitutional result, but will construe section 2 so as to include within its purview "*all domestic corporations* whatever and *all foreign* corporations doing business in this State," etc. 37 Ark. 356; 53 *Id.* 490. If section 6396 is applicable, it was repealed by act 262 of 1917.

*Gaughan & Sifford,* for appellee.

Under act 262 of 1917 the shares of stock of a corporation, after allowing credit for the assessments of all tangible property in the State of Arkansas of the corporation, shall be assessed against the corporation and shall be paid by it *as the agent for its shareholders.* There is no other authority or power from the legislative branch of our government which authorizes a corporation to pay taxes on the shares of stock except this act. This act applies to no other corporations, whether foreign or domestic, except those *doing business in this State;* and if a corporation is not doing business in this State, it does not come within the terms of this act. The statute is plain and unambiguous and needs no construction. 93 Ark. 42; 65 *Id.* 521; 46 *Id.* 159; 59 *Id.* 237; 11 *Id.* 44; 56 *Id.* 110; 74 *Id.* 302. The *Bodcaw* case does not decide this case. Our construction of the statute does not violate our Constitution. The repeal of section 6396 has the effect of nullifying the law as if it had never existed. 36 Cyc. 1224. The repealed statute is considered as a law that never existed except for the purpose of those suits which were commenced whilst it was an existing law. 30 Ark. 184. See, also, 134 Cal. 316; 66 Pac. 322. The repeal of a statute giving a right destroys the remedy.

McCULLOCH, C. J. Appellee is a domestic business and manufacturing corporation organized under the laws

of the State in the year 1914, and is domiciled at Camden, Arkansas. It owns no tangible property of any kind situated in the State, and its assets consist of a sawmill, lumber, logs, merchandise, standing timber and timber lands situated in the State of Mississippi, where it operates the business of manufacturing and selling lumber. It has paid no property tax in the State of Arkansas since its organization; none has been assessed against it in this State; and the present action is one instituted by the Attorney General to recover taxes on the stock of said corporation, which, it is alleged, has thus far escaped taxation. The case was tried below on an agreed statement of facts, in which it is stipulated that if appellee is liable at all the sum of $500 is the proper amount to be recovered.

The contention of the Attorney General is that, although appellee's tangible property situated in another State where its active business is being conducted, can not be taxed in this State, its shares of stock can and should be, under the statutes of this State, taxed here, and that the value of its tangible property in another State can be included in the estimate of value of the stock to be so taxed here.

In the case of *State* v. *Bodcaw Lumber Co.*, 128 Ark. 505, where the corporation involved was actively engaged in operating business in this State and its tangible property was situated partly in this State and partly in another State, we held that in the estimate of value of the stock of the corporation for taxation in this State the value of the tangible property in another State should be included. In the opinion in that case we said: "The valuation of the property outside of the State must be omitted when the property of the corporation itself is sought to be taxed; but when the effort is to assess the values of the shares of stock, it should not be deducted, for those shares of stock have a separate valuation existing here within the jurisdiction of the State, and upon which the State has a right to take its toll of taxation."

That decision was rendered on March 12, 1917, and another statute on the subject was enacted by the Gen-

eral Assembly and approved by the Governor on March 17, 1917 (Acts 1917, p. 1355, Crawford & Moses' Digest, § 9965), which, it was contended in another case (*Crossett Lumber Co.* v. *State,* 139 Ark. 397) changed the rule announced with respect to the taxation of stock of corporations; but we held that this statute did not change the rule announced in the *Bodcaw* case, *supra.*

The contention of learned counsel for appellee in this case is that the statute referred to which authorizes the taxation of shares of stock in a corporation against the corporation itself as the representative of the shareholders applies only to a corporation conducting its visible and overt business activities in this State, and that it does not apply to a domestic corporation which operates its business in another State where all of its property is situated. The statute applies in express words to "all corporations doing business in this State" (except certain ones enumerated); and requires them to annually file with the tax assessor "of the county wherein its principal office is situated" a list or statement showing the number of shares of stock and face value thereof, the market value of each share, the aggregate market value or actual value of all stock, the total bonds of the corporation secured by mortgage on the corporation's property and the value of such bonds, the assessed value of all real estate owned by the corporation, and the assessed value of all tangible personal property owned by the corporation and assessed under Kirby's Digest, § 6910 (Crawford & Moses' Digest, § 9904).

The statute further provides that the aggregate value of all the stock of the corporation and its bonds, after deducting the assessed value of its real estate and other tangible property, shall be "listed and assessed by the corporation as agent for its shareholders, under the heading, 'intangible property.' "

The theory of counsel for appellee is that a corporation organized under the laws of this State and domiciled here does not come under the requirement of the statute if it has no tangible property here and is not visibly operating some kind of business here in this State. That

is not, we think, the correct interpretation of the statute. The words used in the statute are very broad. "All corporations doing business in this State" is the language used. A corporation organized and domiciled here is necessarily doing business here if it is doing business at all. Its life and existence are here, and all of its business activities necessarily emanate here primarily, if it functions at all. Its domicile is the fountain head of all its activities. We are speaking now of a domestic corporation, for none other is dealt with in this case.

The obvious purpose of the statute makes it very clear that the meaning of its framers was to include all corporations whose corporate stock is within the jurisdiction of this State in the exercise of its taxing power. To exclude a corporation situated as appellee is would be to make an exception which the law makers did not intend. It can not be doubted that it is within the power of the State to tax, against the corporation itself, the shares of stock of a corporation circumstanced like appellee. The fact that all of the tangible property of the corporation is situated outside of this State does not differentiate the case from prior decisions in which the tangible property of the corporations involved was situated partly in this State and partly outside.

Counsel for appellee argue that since the purpose of the statute was to tax the shares of stock against the corporation as the representative of the shareholders, it is not unreasonable to assume that the law makers meant to omit all corporations not actively operating business here, leaving the shares of stock in all other corporations to be taxed against the individual shareholders. But this interpretation is against the policy obviously adopted by the framers of the statute to assess the shares of stock against all corporations existing here as the representatives of their respective shareholders. No reason is discernible for providing a different method of taxation merely because the corporation conducts its business elsewhere.

The conclusion is that the State is entitled to recover the taxes on appellee's shares of stock. The decree of

the chancery court is therefore reversed, and judgment will be entered here for the amount stipulated in the event of recovery.