STATE *v.* EAGLE LUMBER COMPANY.

Opinion delivered May 30, 1921.

TAXATION—STOCK OF CORPORATION.—Under the rule that the taxable value of the stock of a corporation is ascertained by deducting the value of its tangible property otherwise assessed from .the market value of such stock, the capital stock of a corporation is not taxable where its value did not exceed the aggregate value of its other property assessed in the State.

Appeal from Ouachita Chancery Court; *James M. Barker,* Chancellor; reversed.

*J. S. Utley,* Attorney General, *Elbert Godwin,* Assistand, and *George Vaughan,* special counsel, for appellant.

1.   Foreign and domestic corporations are treated alike in all constitutional and statutory provisions. Const. Ark., art. 12; act No. 19, Acts 1899, p. 18; act 168, Acts 1899, p. 305; act 216, Acts 1901, p. 386; act No. 313, Acts 1907, p. 744; Kirby's Digest, §§ 824-833; C. & M. Dig., §§ 1825-8.

Affirmative legislation was necessary to render operative the above constitutional provision, *supra,* which has been held "not self-executing." 65 Ark. 312, 315; 45 S. W. 988; 60 Ark. 325, 332-3; 30 S. W. 350. The legal status of foreign corporations has been clearly defined in the above several acts. Such corporations are entitled to all the rights and privileges and subject to the same penalties as domestic corporations. C. & M. Digest, § 1828. The status of foreign corporations is also well settled by our decisions. 69 Ark. 521; 65 S. W. 465; 69 Ark. 528-9; 71 Ark. 451; 75 S. W. 725; 81 Ark. 304; 98 S. W. 729; 82

Ark. 309. ·The validity of the acts has been sustained. 82 Ark. 309, 315; 95 Ark. 588; 130 S. W. 583; 114 Ark. 155; 169 S. W. 942.

Under these decisions foreign corporations are subject to the same control as domestic corporations when they have complied with our laws as to doing business. 140 Ark. 135; 204 U. S. 103; 115 Ark. 524; 81 *Id.* 519; 100 S. W. 407; 212 U. S. 322; 69 Ark. 521; 54 *Id.* 101; 156 U. S. 649; 119 Ark. 314; 173 S. W. 1099; 76 Ark. 303; 89 S. W. 42.

The taxation of foreign corporations in Arkansas is well settled under our Constitution and laws. Const., art. 16, § 5; *Ib.,* §§ 6, 7.

The mode of taxation of intangible property is pointed out in our revenue laws. Kirby's Digest, §§ 9961-2-3; act March 31, 1883, §§ 42-3; act March 28, 1887, §§ 17, 18; Mansf. Dig., §§ 5045-6; Sand. & H. Dig., §§ 6462-3; Kirby's Dig., §§ 6936-7; C. & M. Dig., §§ 9961-2-3. See, also, 78 Ark. 187; 85 S. W. 772; 94 Ark. 235; 126 S. W. 727. See especially 128 Ark. 505; 131 Ark. 40; 97 Ark. 254; 138 *Id.;* 128 Ark. 505; 131 *Id.* 40; 97 *Id.* 254; 138 *Id.* 541. See, also, 251 U. S. 532; 139 Ark. 397; 227 S. W. 770.

Intangible property of foreign corporations had already been held taxable. 82 Ark. 309; 101 S. W. 748; 63 Ark. 576: 40 S. W. 710; 37 L. R. A. 371. Both the tangible and intangible property of foreign corporations is taxable wherever found and where the work is done. 165 U. S. 194; 166 *Id.* 185; 141 U. S. 18; 130 Pac. 565.

Our special act of 1893 has been duly approved of. 63 Ark. 576.

The unit rule is well established in Arkansas for 40 years. 65 S. W. 775; 190 U. S. 413; 94 Ark. 235-7. The unit rule is also well settled and followed in other States. 116 N. C. 441; 21 S. E. 423; 39 S. E. 18; 165 U. S. 194; 13 Peters 586: 143 U. S. 305; 77 N. E. 1195; 31 *Id.* 238; 61 So. 417; 109 N. Y. S. 868; 180 N. W. 108; 110 Atl. 867.

2. The Arkansas Tax Commission has power to fix and promulgate a uniform basis for a valuation of property for taxation. Under the agreed statement of facts,

the property of foreign corporations is clearly taxable. 92 Ark. 492. The Legislature has provided the agency for the assessment and taxation of such property, and the action of the tax officers is conclusive *in the absence of a statute to the contrary,* and the courts have no power to supervise and correct assessments. 92 Ark. 492; 123 S. W. 753; 103 Ark. 127; 145 S. W. 892; 132 Ark. 395; 130 *Id.* 259.

3. All inferior political subdivisions must be subordinate to the State in taxation matters. 33 Ark. 497, 690; 42 *Id.* 54; 34 *Id.* 224-30; 35 *Id.* 56-61; 37 *Id.* 339-345-6; 94 *Id.* 27; 125 S. W. 1001; 140 Am. St. 103; 27 L. R. A. (N. S.) 255; 30 Ark. 435; 59 *Id.* 513, 530-1; 27 S. W. 59.

The Tax Commission's dominant function is to promote uniformity, and it is its first duty. 127 Ark. 349; 129 *Id.* 41; 138 *Id.* 483. See, also, 92 N. E. 7, 10; 64 *Id.* 661; 58 L. R. A. 949; 95 Am. St. Rep. 280; 31 Ind. App. 224; 150 Ind. 216; 49 N. E. 14; 52 Pac. 954; 54 *Id.* 974; 6 Okla. 757; 141 N. W. 839, 822; 115 N. W. 647; 155 Pac. 416-19; 134 *Id.* 688; 135 *Id.* 609-10.

The General Assembly has the power, in the absence of constitutional inhibition, to require that all property be assessed at its full cash value and to provide the plan necessary to effectuate that result. 138 Pac. 1010; 56 Col. 512; 186 Pac. 812.

It is the duty of this court to sustain the act creating the Tax Commission and the powers necessary to properly carry it into effect.

*Gaughan & Sifford,* for appellee.

Under the agreed statement of facts, the Eagle Lumber Company paid taxes on its property upon an assessment equal to that of other similar property throughout the State, and the court below properly held that it was not liable for the $1,000. The decree for $1,000 should be reversed, and in other respects affirmed.

McCULLOCH, C. J. The Attorney General instituted this action on behalf of the State of Arkansas against the defendant, Eagle Lumber Company, a foreign corpora-

tion, to recover unpaid taxes alleged to be due on its capital stock since the time it began doing business in this State in the year 1899 up to the time of the commencement of the suit in 1919. The facts are undisputed, and are set forth in a written stipulation signed by counsel on both sides.

The defendant is a private corporation, organized under the laws of the State of Iowa, and it began doing business in the State of Arkansas on March 3, 1899, and complied with the laws of the State with respect to foreign corporations doing business in the State. Its authorized and paid-up capital stock was originally $250,000, and subsequently raised to $500,000, "all of which," according to the recitals of the agreed statement of facts, "has always been employed in Arkansas." The written stipulation as to facts reads as follows:

"(2)   The tangible assets of the company consist wholly of a sawmill, lumber, logs and merchandise at Eagle Mills, and of the timber lands situated in Ouachita, Dallas and Calhoun counties, all in the State of Arkansas. It owns no property located elsewhere, and for all the years covered by this suit its sole business was the manufacture and sale of timber products at Eagle Mills, Arkansas."

"(3)   * * * "

"(4)   The company has paid the State and local taxes on all of its tangible property, real and personal, including certain 'moneys and credits' to the proper authorities in Arkansas in accordance with the revenue laws of this State."

"(5)   It is agreed as a stipulation of fact that, during the period of years covered by the complaint herein, the shares of stock representing the capital stock of the company had the same value and no greater than the aggregate property owned by the corporation, all of whose physical assets had an actual situs within the State of Arkansas. It is further stipulated that during said period the property of the company assessed in Arkansas was valued for taxation in the several counties in which

it was located at an amount equal to the actual average assessment of other similar property in the State of Arkansas.''

"Provided, it is further agreed that if the court holds that the company as a foreign corporation is in any event taxable in Arkansas upon its intangible property or its capital stock, the extent of its liability for such taxes is stipulated to be one thousand ($1,000) dollars and no more, unless the proper basis for assessment be held to be fifty (50%) per cent of true value as per the Tax Commission order recited in paragraph 6 herein.''

"(6)    *   *   *''

"(7)    It is further agreed that if all issues of law are finally determined adversely to the defendant, judgment will be entered against the company for two thousand dollars (or in lieu thereof one thousand dollars in the event the court upholds as the true taxable criterion the actual average assessed basis rather than the Tax Commission's 50% basis. * * *''

The court rendered judgment in favor of the State for the recovery of the sum of $1,000, and both parties have appealed.

The Attorney General and his associate counsel argue with much earnestness the question whether the intangible property or capital stock of a foreign corporation doing business in this State is subject to assessment against the corporation for the purposes of taxation. That question is very thoroughly covered by the learned counsel on each side. But it seems to us that under the stipulation of facts in this case it is not proper for us to decide that question for the reason that the capital stock has no value in excess of the value of the property otherwise taxed in this State and that the corporation owns no property elsewhere, either tangible or intangible. The substance of the agreement is that all of the capital of the corporation is and has always been employed in the State of Arkansas, that all of its tangible assets are situated in the State of Arkansas, and that it

owns no property located elsewhere, that the shares of stock have the same value as the aggregate property owned by the corporation, and that it has paid taxes on all of its tangible property, including moneys and credits.

The rule announced in the decisions of this court is that the taxable value of shares of stock of a corporation is ascertained by deducting the value of its tangible property otherwise assessed from the market value of the shares of stock. *State* v. *Bodcaw Lumber Co.,* 128 Ark. 505; *State* v. *Fort Smith Lumber Company,* 131 Ark. 40; *Crossett Lumber Co.* v. *State,* 139 Ark. 397; *State* v. *Gloster Lumber Company,* 147 Ark. 461. Under the agreement of facts there is no taxable value of the capital stock, as it does not exceed the aggregate value of the other property assessed in this State. Nor is it shown in the agreed statement of facts that the corporation owns any other property elsewhere. We do not, therefore, feel at liberty to follow counsel far enough in the argument to decide the question not applicable to the facts set forth in the record.

The court erred in rendering a decree against the defendant for any sum, and the decree is therefore, on the appeal of the defendant, reversed, and the cause is dismissed.