JOHNSON v. BANK OF VANDERVOORT.

Opinion delivered March 25, 1929.

*Minor Pipkin,* for appellant.

*J. I. Alley,* for appellee.

McHANEY, J. On April 22, 1924, appellant, G. C. Johnson, purchased certain lands from one Robert F. Davis for a consideration of $600, $200 in cash and $400 evidenced by one note due December 31, 1924, at 10 per cent. per annum from date, for which deed was executed, with a lien retained to secure the payment of said note. On June 4, 1924, appellants borrowed from appellee $423.50 at 10 per cent. from maturity, for which they executed their note due December 31, 1924, for the purpose of taking up the lien note held by Davis. The money borrowed from appellee was deposited to the credit of Davis in appellee bank. The note executed by appellants to appellee was on a collateral form note, with the blanks reciting the kind of collateral unfilled. Neither note was paid at maturity, but the lien note held by Davis was turned over to appellee in the fall of 1925, the date not being definitely shown, by indorsement, and

delivered to appellee by Davis. A $50 payment was made by appellants on their note to appellee on November 5, 1925, which left a balance due of $373.50. Appellee brought suit to foreclose the lien retained in the note and deed on the land, on the ground that it had been subrogated to the right of Davis therein.

Apparently interest should have been figured on $423.50 from December 31, 1924, to November 5, 1925, added thereto, and the $50 payment deducted from the sum and interest on the balance at 10 per cent. from November 5, 1925; but the court did not do this. It found that there was a payment of $50 made on November 5, 1924, leaving a balance of $373.50 at 10 per cent. from December 31, 1924, which made a total sum of $517.55 at the date of the judgment, for which amount decree was entered, with interest thereon from that date at 10 per cent. However, no point is made as to the incorrect method of figuring interest, and we will treat it as the court and parties have treated it.

We think the decree of the court is correct, and that there was no error in overruling appellants' demurrer to the complaint, as the complaint stated a cause of action. The money was borrowed from appellee to pay off the note due Davis. It was not deposited to appellants' credit, but to the credit of Davis, and Davis testified that he understood from Johnson, who later came to him and told him to take the note to appellee bank, that it would be paid and held by the bank. He said he understood from Johnson that appellee was to hold the lien note until appellants' note to the bank had been paid. The cashier of the bank at the time of the transaction testified very unsatisfactorily, but he did say that Johnson said nothing to him about turning over the note, evidently meaning turning over to Johnson the lien note after it was delivered to the bank. The court found from the evidence that the appellants borrowed the money from the bank to pay the Davis note, and that the money so borrowed was used to pay said note, and that Davis

was directed by Johnson to surrender the said lien note to the bank to be held as assignee until the same was paid, and that the bank should be subrogated to the rights of Davis in and to said note. Accordingly it decreed a foreclosure.

We think there was sufficient evidence to sustain the court's finding. At least we cannot say that the finding of the court was clearly against the preponderance of the evidence and that a case of conventional subrogation has been established. In 25 R. C. L. page 1317, § 5, it is said:

"It has been said that conventional subrogation can result only from an express agreement, either with the debtor or creditor, and that it is not enough that a person paying the debt of another shall do so merely upon the understanding on his part that he should be subrogated to the rights of the creditor, but most courts hold that a contract for conventional subrogation may be implied from the circumstances."

Here the bank in effect paid the purchase money note to Davis. Under such circumstances, if an express agreement was not made, an agreement may be implied, which equity will do when justice requires it. Appellants have not paid the note to the bank, and appellant G. C. Johnson has not paid his purchase money note. The bank advanced the money to pay it, and we think a fair construction of all the evidence and the circumstances shows that it was done under an agreement that the bank would hold the lien note until the note given it by appellants was paid. 25 R. C. L. 1351.

Of course appellant G. C. Johnson denies that there was any agreement that the bank should hold the lien note, but that, when delivered to the bank, it was to be forwarded to him. In this he is contradicted by Davis, Capehart, and by the present cashier of the bank, Mr. Bailey, and somewhat by his own letters to the bank.

We find no error, and the decree is affirmed.