WISEMAN v. ARKANSAS-LOUISIANA PIPE LINE COMPANY.

4-3983

Opinion delivered June 24, 1935.

*Chrisp & Nixon*, for appellant.

*H. C. Walker, Jr., W. H. Arnold, Jr.,* and *Moore, Gray, Burrow & Choivning*, for appellee.

McHANEY, J. Appellant, who is the Commissioner of Revenues for the State of Arkansas, brought this action in his name as such Commissioner for the use and benefit of the State. He alleged that he has information, and it is his belief, that, from February 1, 1930, through September 30, 1934, the appellee sold and delivered to the Arkansas Western Gas Company 1,698,772,000 M.C.F. of natural gas, an itemized list of said deliveries being attached to the complaint, and made a part thereof. He further alleged that said gas had a value of ten cents per M.C.F. at the point of severance, and that there is due the State a severance tax of 2½ per cent. of the value of said natural gas amounting to the sum of $42,669.30. Prayer was that the court ascertain the correct amount due as a severance tax, and that judgment be rendered in appellant's favor for said sum.

An amendment was filed to the complaint which alleged the consent of the Arkansas Corporation Commission for the bringing of said suit.

Thereafter, appellee filed a demurrer to the complaint and amendment on the ground that this is a suit for the collection of back taxes, and that under the law it can be brought only by the Attorney General for and on behalf of the State and in its name, and that appellant has no power under the law to maintain this suit. The court sustained said demurrer, and, on appellant's declining to plead further, the cause was dismissed for the want of equity.

The only question presented for our consideration is whether the appellant, Earl R. Wiseman, as Commissioner of Revenues for the State of Arkansas, has the power to maintain this suit, or whether it is a suit under

§ 10,204 of Crawford & Moses' Digest? It is true that in *State* v. *Republic Mining & Manufacturing Co.,* 185 Ark. 1119, 52 S. W. (2d) 43, it was held that said § 10,204 of Crawford & Moses' Digest conferred authority upon the Attorney General to sue for the collection of overdue taxes from corporations from all sources, including the severance tax, and that said statute did not limit him to collecting back taxes on property alone. This decision was rendered July 4, 1932. In 1933, the Legislature enacted act 82, page 245, of the Acts of 1933, § 9, which reads as follows: "The Commissioner of Revenues shall have the authority to institute and prosecute in his name as such all suits and other proceedings necessary for the collection of any taxes collectable by him, and which have become delinquent." This is broad language and confers plenary power upon the Commissioner of Revenues in the institution and prosecution of suits in his name "for the collection of any taxes collectable by him, and which have become delinquent." The collection of the severance tax is a duty imposed upon the Commissioner by act 283 of the Acts of 1929, p. 1187. We think the complaint is sufficiently definite to charge that appellee has severed a large amount of natural gas upon which a severance tax is due, and which has not been paid. Such being the case, under the allegations of the complaint, the tax is delinquent. Since this is a tax collectable by him, and since it has become delinquent, by the plain provisions of § 9 of the act, the Commissioner has been given authority to institute and maintain this action, and to this extent the authority conferred by § 10,204 of Crawford & Moses' Digest upon the Attorney General has been taken away from him, and conferred upon the Commissioner of Revenues. The Commissioner of Revenues has nothing to do with the collection of taxes on property, and therefore § 10,204 still confers authority upon the Attorney General to bring and maintain actions against corporations for back taxes on property.

Act 82 of the Acts of 1933 was passed, subsequent to our decision in the case of *State* v. *Republic Mining & Mfg. Co., supra,* and the Legislature, no doubt, had this decision in mind, and it was its purpose to change the

rule announced therein. As we said in *State ex rel. Att'y General* v. *Standard Oil Co. of Louisiana,* 179 Ark. 280, 16 S. W. (2d) 581: "The power of the State to maintain suits such as the one at bar being purely statutory, the method and procedure prescribed by the statute must be followed as a condition precedent to its right to maintain such an action, as judgment and discretion are involved, and must be exercised by those on whom the law has placed the power and authority to act."

The authority conferred upon the Commissioner by said act of 1933 is further confirmed in act 131 of 1935, § 1 of which reads as follows: "The Revenue Commissioner of the State of Arkansas is hereby given authority to promulgate any and all regulations, rules and orders which he may deem necessary to effectively collect all taxes, penalties, delinquencies, default and other moneys required by law to be collected by the State Revenue Department, and suits may be filed in the name of the Commissioner of Revenues and at his instance to recover money due and payable to the State and collectable by him. Within ten days after any amount of money is due and payable the Revenue Commissioner shall take steps to collect the same."

We think there is no doubt about the authority of the Commissioner as conferred by the act of 1933, but, if there be any such doubt, the language just quoted in the act of 1935 would lay all doubt at rest. It clearly directs the Commissioner and confers power upon him to bring suit to collect "all taxes, penalties, delinquencies, default and other moneys required by law to be collected by the State Revenue Department, and suits may be filed in the name of the Commissioner of Revenues and at his instance to recover money due and payable to the State and collectable by him."

But appellee says that this operates as a repeal of said § 10,204 by implication, and that repeals by implication are not favored. While it is true that repeals by implication are not favored, said § 10,204 has not been repealed except in this, that the power theretofore conferred upon the Attorney General to bring such a suit as

the one at bar has been taken away, and conferred upon the Commissioner of Revenues.

The decree will be reversed, and the cause remanded with directions to overrule the demurrer, and for such other and further proceedings as may be according to law, the principles of equity, and not inconsistent herewith.